**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| **AUXIN SOLAR, INC., and CONCEPT CLEAN ENERGY, INC.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | |
| **UNITED STATES, et al.,** ) ) | **Court No. 23-00274** |
| **Defendants,** ) ) | |
| **and** ) ) | |
| **AMERICAN CLEAN POWER ASSOCIATION, et al.,** ) ) | |
| **Defendant-Intervenors.** ) ) | |

## NOTICE OF APPEAL

Notice is hereby given that the American Clean Power Association; Canadian Solar (USA) Inc.; Canadian Solar International Limited; Solar Energy Industries Association; JA Solar USA, Inc.; JA Solar Vietnam Company Limited; JA Solar Malaysia Sdn. Bhd.; JA Solar International Limited; NextEra Energy, Inc.; BYD (H.K.) Co., Ltd.; BYD America LLC; Invenergy Renewables LLC; Invenergy Solar Equipment Management LLC; Trina Solar (U.S.) Inc.; Trina Solar (Vietnam) Science & Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd.; Risen Solar Technology Sdn. Bhd.; Boviet Solar Technology Co., Ltd.; Boviet Solar USA, Ltd.; Jinko Solar (U.S.) Industries Inc.; JinkoSolar (U.S.) Inc.; Jinko Solar Technology Sdn. Bhd.; Jinko Solar (Malaysia) Sdn. Bhd.; JinkoSolar (Vietnam) Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinkosolar Middle East DMCC; Jinkosolar (Vietnam) Industries Company Limited; and JinkoSolar Investment Limited, Defendant-Intervenors in the above-captioned action, hereby appeal to the United States Court of Appeals for

1

the Federal Circuit from the order and final judgment of the U.S. Court of International Trade

entered in this action, *Auxin Solar Inc. et al. v. United States et al.*, Ct. No. 23-274, on August 22,

2025 (Slip Op. 25-111) (ECF Nos. 115–116, 122, as amended by 124).

Respectfully submitted,

Matthew R. Nicely
Daniel M. Witkowski
Julia K. Eppard
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4046
mnicely@akingump.com

*Counsel to NextEra Energy, Inc. and Solar
Energy Industries Association*


Craig A. Lewis
Nicholas W. Laneville
Gregory M.A. Hawkins
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and BYD
America LLC*

Jonathan T. Stoel
Michael G. Jacobson
Nicholas R. Sparks
Lindsay K. Brown
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Counsel to Canadian Solar (USA) Inc. and
Canadian Solar International Limited*


Jonathan M. Freed
Kenneth N. Hammer
MacKensie R. Sugama
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc., Trina
Solar Science & Technology (Thailand) Ltd.,
Trina Solar Energy Development Company
Limited, and Trina Solar (Vietnam) Science &
Technology Co., Ltd.*

John B. Brew
Robert L. LaFrankie
Amanda S. Berman
Alexander H. Schaefer
Weronika Bukowski
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2720
jbrew@crowell.com

*Counsel to Invenergy Renewables LLC and
Invenergy Solar Equipment Management LLC*

Jeffrey S. Grimson
Kristin H. Mowry
Bryan P. Cenko
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar
Vietnam Company Limited, JA Solar Malaysia
Sdn. Bhd., JA Solar International Limited,
and the American Clean Power Association*

David M. Morrell
**JONES DAY**
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3652
dmorell@jonesday.com

*Counsel to Boviet Solar Technology Co., Ltd. and
Boviet Solar USA, Ltd.*

Gregory S. Menegaz
Alexandra H. Salzman
**THE INTER-GLOBAL TRADE LAW
GROUP, PLLC**
1156 Fifteenth Street, N.W.
Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn. Bhd.
and Co-Counsel to Boviet Solar Technology
Co., Ltd. and Boviet Solar USA, Ltd.*

Ned H. Marshak*
Jordan C. Kahn
**GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT LLP**
*599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000
-and-
1201 New York Avenue NW Ste 650
Washington, DC 20005-3917
(202) 783-6881
nmarshak@gdlsk.com

*Counsel to Jinko Solar (U.S.) Industries Inc.,
JinkoSolar (U.S.) Inc., Jinko Solar Technology
Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd.,
JinkoSolar (Vietnam) Co., Ltd., JinkoSolar
Holding Co., Ltd., Jinkosolar Middle East
DMCC, Jinkosolar Investment Limited (f/k/a/
Jinkosolar Technology Limited), and Jinkosolar
(Vietnam) Industries*

Dated: September 16, 2025

# U.S. Court of International Trade
## LIVE Database (New York)
## CIT DOCKET FOR CASE #: 1:23-cv-00274-TMR
## Internal Use Only

Auxin Solar Inc. et al v. United States et al
**Assigned to:** Timothy M. Reif
**Lead Docket:**

| | |
|---|---|
| **Jurisdiction:** | **Date Filed:** 12/29/2023 |
| 28USC § 1581(i) Residual Jurisdiction | **Jury Demand:** No |

**Category:**
Administration and Enforcement 28USC § 1581(i)(4)
Tariffs, Duties, Fees, Other Taxes 28USC § 1581(i)(2)

**Date Terminated:** 08/22/2025

**Date Reopened:**

**Does this action raise an issue of constitutionality?:** N

**Agency:**
U.S. Department of Commerce
U.S. Customs and Border Protection

**Product Description:**
Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled
into Modules

**Export Country:**
Cambodia/Kampuchea
Malaysia
Thailand
Vietnam

## Plaintiff

**Auxin Solar Inc.**

represented by **Thomas Martin Beline**
Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW.
Suite 300
Washington, DC 20037
(202) 567-2316
Fax: (202) 567-2301
Email: tbeline@cassidylevy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Chase J. Dunn**

United States Court of International
Trade
One Federal Plaza
New York, NY 10278

I hereby certify that this is a true copy
of the original on file in this office.

Date: September 17, 2025

Clerk of the Court

By: /s/ Jason Chien
Deputy Clerk

Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW.
Suite 300
Washington, DC 20037
(202) 567-2308
Fax: (202) 567-2301
Email: cdunn@cassidylevy.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**James Edward Ransdell , IV**
Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW.
Suite 300
Washington, DC 20037
(202) 567-2321
Fax: (202) 567-2301
Email: jransdell@cassidylevy.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Roop Kiran Bhatti**
Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW.
Suite 300
Washington, DC 20037
(202) 567-2404
Fax: (202) 567-2301
Email: rbhatti@cassidylevy.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Sydney C. Reed**
Cassidy Levy Kent (USA) LLP
2112 Pennsylvania Avenue, NW.
Suite 300
Washington, DC 20037
(202) 567-2338
Fax: (202) 567-2301
Email: sreed@cassidylevy.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Plaintiff**

**Concept Clean Energy, Inc.**                    represented by **Thomas Martin Beline**
                                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Chase J. Dunn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**James Edward Ransdell , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Roop Kiran Bhatti**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Sydney C. Reed**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant**

**United States**                          represented by **Douglas Glenn Edelschick**
U.S. Department of Justice
Commercial Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 353-9303
Fax: (202) 353-7988
Email: douglas.edelschick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Benjamin W. Juvelier**
Of Counsel
U.S. Department of Commerce

Chief Counsel for Trade Enforcement and
Compliance
1401 Constitution Avenue, NW.
Suite 3622
Washington, DC 20230
(202) 329-0422
Email: benjamin.juvelier@trade.gov
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Elio Gonzalez**
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW.
Suite 3613
Washington, DC 20230-0001
(202) 482-3765
Fax: (202) 482-4912
Email: elio.gonzalez@alston.com
***TERMINATED: 06/18/2025***
***REGISTERED CONFIDENTIAL FILER***
***Bar Status: ACTIVE***

**Spencer C. Neff**
Of Counsel
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW.
Suite 3627
Washington, DC 20008
(202) 482-8184
Fax: (202) 482-8184
Email: spencer.neff@trade.gov
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant**

| | | |
|---|---|---|
| **United States Department of Commerce** | represented by | **Douglas Glenn Edelschick** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Benjamin W. Juvelier**
(See above for address)

*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Spencer C. Neff**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**<ins>Defendant</ins>**

| | | |
|---|---|---|
| Sec. of Commerce Howard Lutnick | represented by | **Douglas Glenn Edelschick** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**<ins>Defendant</ins>**

| | | |
|---|---|---|
| United States Customs and Border Protection | represented by | **Douglas Glenn Edelschick** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Alexandra Khrebtukova**
U.S. Customs and Border Protection
Office of Chief Counsel, International Trade
Litigation
26 Federal Plaza
Suite 258
New York, NY 10278
(212) 264-9271
Email: alexandra.khrebtukova@cbp.dhs.gov
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Emma L. Tiner**
U.S. Customs and Border Protection
International Trade Litigation
26 Federal Plaza - Room 258
New York, NY 10278
(914) 252-6195
Email: emma.l.tiner@cbp.dhs.gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant**

| | | |
|---|---|---|
| **Commissioner Rodney Scott** | represented by | **Douglas Glenn Edelschick** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | ***REGISTERED CONFIDENTIAL FILER*** |
| | | ***ATTORNEY IN SEALED GROUP*** |
| | | ***Bar Status: ACTIVE*** |

**Defendant-Intervenor**

| | | |
|---|---|---|
| **American Clean Power Association** | represented by | **Jeffrey Sheldon Grimson** |
| | | Mowry & Grimson, PLLC |
| | | 5335 Wisconsin Avenue, NW. |
| | | Suite 810 |
| | | Washington, DC 20015-2052 |
| | | (202) 688-3610 |
| | | Fax: (202) 595-8968 |
| | | Email: jsg@mowrygrimson.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | ***REGISTERED CONFIDENTIAL FILER*** |
| | | ***ATTORNEY IN SEALED GROUP*** |
| | | ***Bar Status: ACTIVE*** |
| | | |
| | | **Bryan Patrick Cenko** |
| | | Mowry & Grimson, PLLC |
| | | 5335 Wisconsin Avenue, NW. |
| | | Suite 810 |
| | | Washington, DC 20015-2052 |
| | | (202) 688-3610 |
| | | Fax: (202) 595-8968 |
| | | Email: bpc@mowrygrimson.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | ***REGISTERED CONFIDENTIAL FILER*** |
| | | ***ATTORNEY IN SEALED GROUP*** |
| | | ***Bar Status: ACTIVE*** |
| | | |
| | | **Clemence Dongwoo Kim** |
| | | Mowry & Grimson, PLLC |
| | | 5335 Wisconsin Avenue, NW. |
| | | Suite 810 |
| | | Washington, DC 20015 |
| | | (202) 860-7704 |
| | | Fax: (202) 595-8968 |
| | | Email: cdk@mowrygrimson.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | ***ATTORNEY IN SEALED GROUP*** |
| | | ***Bar Status: ACTIVE*** |
| | | |
| | | **Evan P. Drake** |
| | | Mowry & Grimson, PLLC |
| | | 5335 Wisconsin Avenue |
| | | Suite 810 |

Washington, DC 20015
(508) 246-1420
Email: epd@mowrygrimson.com
*ATTORNEY TO BE NOTICED*
**ATTORNEY IN SEALED GROUP**
*Bar Status: ACTIVE*

**Kristin Heim Mowry**
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW.
Suite 810
Washington, DC 20015-2052
(202) 688-3610
Fax: (202) 595-8968
Email: khm@mowrygrimson.com
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Canadian Solar (USA) Inc.**                    represented by **Jonathan Thomas Stoel**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(202) 637-6634
Fax: (202) 637-5910
Email: jonathan.stoel@hoganlovells.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
*Bar Status: ACTIVE*

**Craig Anderson Lewis**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(202) 637-8613
Fax: (202) 637-5910
Email: craig.lewis@hoganlovells.com
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
*Bar Status: ACTIVE*

**Gregory M.A. Hawkins**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
(202) 804-7829

Fax: (202) 637-5910
Email: gregory.hawkins@hoganlovells.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Lindsay K. Brown**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(202) 637-5910
Email: Lindsay.Brown@hoganlovells.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Michael Grant Jacobson**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(202) 637-4653
Fax: (202) 637-5910
Email: michael.jacobson@hoganlovells.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Nicholas W. Laneville , I**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(612) 356-4415
Email:
nicholas.laneville@hoganlovells.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Nicholas R. Sparks**
Hogan Lovells US LLP
Columbia Square Building
555 Thirteenth Street, NW.
Washington, DC 20004
(202) 637-8874
Fax: (202) 637-5910
Email: nicholas.sparks@hoganlovells.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***

*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Canadian Solar International Limited**                     represented by **Jonathan Thomas Stoel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Craig Anderson Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Gregory M.A. Hawkins**
(See above for address)
*ATTORNEY TO BE NOTICED*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Lindsay K. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Michael Grant Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Nicholas W. Laneville , I**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Nicholas R. Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Solar Energy Industries Association**      represented by    **Matthew Robert Nicely**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW.
Washington, DC 20006-1037
(202) 887-4046
Fax: (202) 887-4288
Email: mnicely@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Daniel Martin Witkowski**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW
Washington, DC 20006-1037
(202) 887-4048
Fax: (202) 887-4288
Email: dwitkowski@akingump.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**James E. Tysse**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW.
Washington, DC 20006
(202) 887-4571
Fax: (202) 887-4288
Email: jtysse@akingump.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Julia K. Eppard**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW.
Washington, DC 20006
(202) 887-4359
Fax: (202) 887-4288
Email: eastdocketing@akingump.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Sydney L. Stringer**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW.
Washington, DC 20036
(202) 887-4060

Fax: (202) 887-4288
Email: sstringer@akingump.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Yujin Kim McNamara**
Akin, Gump, Strauss, Hauer & Feld, LLP
2001 K Street, NW.
Washington, DC 20006
(202) 887-4347
Fax: (202) 887-4288
Email: ymcnamara@akingump.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**JA Solar USA, Inc.**                    represented by    **Jeffrey Sheldon Grimson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Bryan Patrick Cenko**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Clemence Dongwoo Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Evan P. Drake**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Kristin Heim Mowry**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**JA Solar Vietnam Company Limited**

represented by **Jeffrey Sheldon Grimson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Bryan Patrick Cenko**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Clemence Dongwoo Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Evan P. Drake**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Kristin Heim Mowry**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**JA Solar Malaysia Sdn. Bhd.**

represented by **Jeffrey Sheldon Grimson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Bryan Patrick Cenko**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Clemence Dongwoo Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***

*Bar Status: ACTIVE*

**Evan P. Drake**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Kristin Heim Mowry**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**JA Solar International Limited**        represented by **Jeffrey Sheldon Grimson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Bryan Patrick Cenko**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Clemence Dongwoo Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Evan P. Drake**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Kristin Heim Mowry**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**NextEra Energy, Inc.**        represented by **Matthew Robert Nicely**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Daniel Martin Witkowski**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**James E. Tysse**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Julia K. Eppard**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Sydney L. Stringer**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Yujin Kim McNamara**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**BYD (H.K.) Co., Ltd.** represented by **Jonathan Thomas Stoel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Craig Anderson Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Gregory M.A. Hawkins**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Lindsay K. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Michael Grant Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Nicholas W. Laneville , I**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Nicholas R. Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**BYD America LLC**     represented by     **Jonathan Thomas Stoel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Craig Anderson Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Gregory M.A. Hawkins**
(See above for address)
*ATTORNEY TO BE NOTICED*

*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Lindsay K. Brown**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Michael Grant Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Nicholas W. Laneville , I**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Nicholas R. Sparks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Invenergy Renewables LLC**          represented by   **John Bowers Brew**
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW.
Washington, DC 20004-2595
(202) 624-2720
Fax: (202) 628-5116
Email: jbrew@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Alexander Hume Schaefer**
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW.
Washington, DC 20004-2595
(202) 624-2773
Fax: (202) 628-5116
Email: aschaefer@crowell.com
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*

*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Amanda Shafer Berman**
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW.
Washington, DC 20004-2595
(202) 688-3451
Fax: (202) 628-5116
Email: aberman@crowell.com
*ATTORNEY TO BE NOTICED*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Pierce Jungwoon Lee**
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW.
Suite 8172
Washington, DC 20004-2595
(202) 508-8780
Fax: (202) 628-5116
Email: plee@crowell.com
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Robert Lewis LaFrankie , II**
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW.
Washington, DC 20004-2595
(202) 624-2868
Fax: (202) 628-5116
Email: rlafrankie@crowell.com
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Weronika Bukowski**
Crowell & Moring, LLP
Two Manhattan West
375 9th Avenue
New York, NY 10001
(212) 530-1930
Email: wbukowski@crowell.com
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Invenergy Solar Equipment Management
LLC**                                          represented by **John Bowers Brew**
                                               (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Alexander Hume Schaefer**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Amanda Shafer Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Pierce Jungwoon Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Robert Lewis LaFrankie , II**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Weronika Bukowski**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**Trina Solar (U.S.) Inc.**                    represented by **Jonathan M. Freed**
Trade Pacific PLLC
700 Pennslyvania Avenue, SE
Suite 500
Washington, DC 20003
(202) 223-3760
Fax: (202) 223-3763
Email: jfreed@tradepacificlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Didie Muller**
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
(202) 223-3760
Fax: (202) 223-3763
Email: ddi@tradepacificlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Kenneth Neal Hammer**
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
(202) 223-3760
Email: khammer@tradepacificlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**MacKensie Ruth Sugama**
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
(202) 223-3760
Email: ksugama@tradepacificlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Robert George Gosselink**
Trade Pacific PLLC
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003
(202) 223-3760
Email: rgosselink@tradepacificlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Trina Solar (Vietnam) Science & Technology Co., Ltd.**

represented by **Jonathan M. Freed**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Didie Muller**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Kenneth Neal Hammer**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**MacKensie Ruth Sugama**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Robert George Gosselink**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**<u>Defendant-Intervenor</u>**

**Trina Solar Energy Development Company Limited**

represented by **Jonathan M. Freed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Didie Muller**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Kenneth Neal Hammer**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***

*Bar Status: ACTIVE*

**MacKensie Ruth Sugama**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Robert George Gosselink**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Trina Solar Science & Technology (Thailand) Ltd.**          represented by **Jonathan M. Freed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Didie Muller**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Kenneth Neal Hammer**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**MacKensie Ruth Sugama**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Robert George Gosselink**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Risen Solar Technology Sdn. Bhd.**                    represented by **Gregory Stephen Menegaz**
The Inter-Global Trade Law Group PLLC
1156 15th Street, NW.
Suite 1101
Washington, DC 20005
(202) 868-0300
Email: gmenegaz@igtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Alexandra H. Salzman**
The Inter-Global Trade Law Group PLLC
1156 15th Street, NW.
Suite 1101
Washington, DC 20005
(202) 868-0300
Email: asalzman@igtlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**James Kevin Horgan**
deKieffer & Horgan, PLLC
1156 15th Street, NW.
Suite 1101
Washington, DC 20005
(202) 783-6900
Fax: (202) 783-6909
Email: kevin.horgan@dhlaw.com
***TERMINATED: 02/25/2025***
***REGISTERED CONFIDENTIAL FILER***
***Bar Status: ACTIVE***

**Vivien Jinghui Wang**
The Inter-Global Trade Law Group PLLC
1156 15th Street, NW.
Suite 1101
Washington, DC 20005
(202) 868-0300
Email: vwang@igtlaw.com
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**Boviet Solar Technology Co., Ltd.**                    represented by **Gregory Stephen Menegaz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**Alexandra H. Salzman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**David M. Morrell**
Jones Day
51 Louisiana Avenue, NW.
Washington, DC 20001
(202) 879-3636
Email: dmorrell@jonesday.com
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**James Kevin Horgan**
(See above for address)
*TERMINATED: 02/25/2025*
*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**Vivien Jinghui Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Boviet Solar USA., Ltd.**                    represented by    **Gregory Stephen Menegaz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**Alexandra H. Salzman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*Bar Status: ACTIVE*

**David M. Morrell**
(See above for address)
*ATTORNEY TO BE NOTICED*
*REGISTERED CONFIDENTIAL FILER*
*ATTORNEY IN SEALED GROUP*
*Bar Status: ACTIVE*

**James Kevin Horgan**

(See above for address)
*TERMINATED: 02/25/2025*
**REGISTERED CONFIDENTIAL FILER**
**Bar Status: ACTIVE**

**Vivien Jinghui Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**Bar Status: ACTIVE**

**Defendant-Intervenor**

**Jinko Solar (U.S.) Industries Inc.**          represented by   **Ned Herman Marshak**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
599 Lexington Avenue
36th Floor
New York, NY 10022
(212) 557-4000
Fax: (212) 557-4415
Email: nmarshak@gdlsk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
**Bar Status: ACTIVE**

**Brandon Michael Petelin**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
Email: bpetelin@gdlsk.com
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
**Bar Status: ACTIVE**

**Jordan Charles Kahn**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
Email: jkahn@gdlsk.com
*ATTORNEY TO BE NOTICED*
**REGISTERED CONFIDENTIAL FILER**
**ATTORNEY IN SEALED GROUP**
**Bar Status: ACTIVE**

**Defendant-Intervenor**

**JinkoSolar (U.S.) Inc.**                    represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Jinko Solar Technology Sdn. Bhd.**                    represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Jinko Solar (Malaysia) Sdn. Bhd.**                    represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***

*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

## Defendant-Intervenor

**JinkoSolar (Vietnam) Co., Ltd.**      represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

## Defendant-Intervenor

**JinkoSolar Holding Co., Ltd.**      represented by **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Jinkosolar Middle East DMCC**                  represented by  **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**Jinkosolar (Vietnam) Industries
Company Limited**                                represented by  **Ned Herman Marshak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Brandon Michael Petelin**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Jordan Charles Kahn**
(See above for address)
*ATTORNEY TO BE NOTICED*
***REGISTERED CONFIDENTIAL FILER***
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

**Defendant-Intervenor**

**JinkoSolar Investment Limited**                    represented by **Ned Herman Marshak**
*formerly known as*                                                       (See above for address)
Jinkosolar Technology Limited                                             *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          ***REGISTERED CONFIDENTIAL FILER***
                                                                          ***ATTORNEY IN SEALED GROUP***
                                                                          *Bar Status: ACTIVE*

                                                                          **Brandon Michael Petelin**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          ***REGISTERED CONFIDENTIAL FILER***
                                                                          ***ATTORNEY IN SEALED GROUP***
                                                                          *Bar Status: ACTIVE*

                                                                          **Jordan Charles Kahn**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*
                                                                          ***REGISTERED CONFIDENTIAL FILER***
                                                                          ***ATTORNEY IN SEALED GROUP***
                                                                          *Bar Status: ACTIVE*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2023 | 1 | Summons . Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 12/29/2023) |
| 12/29/2023 | 2 | Public Complaint against United States, United States Department of Commerce, Gina M. Raimondo, Secretary of Commerce, United States Customs and Border Protection, Troy A. Miller, United States Customs and Border Protection Acting Commissioner. Answer due by 2/27/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, Part 1, # 3 Exhibit 2, Part 2, # 4 Exhibit 2, Part 3, # 5 Exhibit 3-7, # 6 Exhibit 8, Part 1, # 7 Exhibit 8, Part 2, # 8 Exhibit 9-13, # 9 Exhibit 14-17, # 10 Exhibit 18)(Beline, Thomas) (Entered: 12/29/2023) |
| 12/29/2023 | 3 | Form 11 Notice of Appearance *for Thomas M. Beline, James E. Ransdell, and Chase J. Dunn*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 12/29/2023) |
| 12/29/2023 | 4 | Form 13 Corporate Disclosure Statement *for Auxin Solar Inc.*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Attachments: # 1 Form 13 for Concept Clean Energy, Inc.)(Beline, Thomas) (Entered: 12/29/2023) |
| 12/29/2023 | 5 | Form 5 Information Statement . Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 12/29/2023) |
| 12/29/2023 | 6 | Certificate of service *for Summons, Complaint, Form 11, Form 13 (Auxin Solar Inc.), Form 13 (Concept Clean Energy, Inc.), and Form 5* (related document(s) 5 , |

| | | |
|---|---|---|
| | | [4](#) , [2](#) , [3](#) , [1](#) ). Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 12/29/2023) |
| 01/05/2024 | 🌐[7](#) | Form 11 Notice of Appearance . Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants.(Edelschick, Douglas) (Entered: 01/05/2024) |
| 01/09/2024 | 🌐[8](#) | Public Application/Motion for preliminary injunction . Responses due by 1/30/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Attachments: # [1](#) Proposed Order)(Beline, Thomas) (Entered: 01/09/2024) |
| 01/11/2024 | 🌐[9](#) | Form 11 Notice of Appearance . Filed by Emma L. Tiner of U.S. Customs and Border Protection on behalf of United States Customs and Border Protection. (Tiner, Emma) (Entered: 01/11/2024) |
| 01/11/2024 | 🌐[10](#) | Order entered on 1/11/2024 assigning action to Judge Timothy M. Reif.(Hugh, Lewis) (Entered: 01/11/2024) |
| 01/16/2024 | 🌐[11](#) | Form 11 Notice of Appearance . Filed by Spencer Neff of U.S. Department of Commerce on behalf of United States Department of Commerce.(Neff, Spencer) (Entered: 01/16/2024) |
| 01/16/2024 | 🌐[12](#) | Consent Motion for protective order *and proposed Stipulated Protective Order Regarding Confidential Information*. Responses due by 2/6/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Attachments: # [1](#) Proposed Order)(Beline, Thomas) (Entered: 01/16/2024) |
| 01/17/2024 | 🌐[13](#) | Order entered on 1/17/2024 granting Motion for protective order. (See Order for full details.) (Related Doc # [12](#) ). (Hugh, Lewis) (Entered: 01/17/2024) |
| 01/17/2024 | 🔒🌐[14](#) | Confidential Complaint against Troy A. Miller, Gina M. Raimondo, United States, United States Customs and Border Protection, United States Department of Commerce. Answer due by 3/18/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of All Plaintiffs. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit)(Beline, Thomas) (Entered: 01/17/2024) |
| 01/17/2024 | 🔒🌐[15](#) | Confidential Application/Motion for preliminary injunction . Responses due by 2/7/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of All Plaintiffs.(Beline, Thomas) (Entered: 01/17/2024) |
| 01/22/2024 | 🌐[16](#) | Motion to dismiss case *for lack of jurisdiction*. Response to Dispositive Motion due by 2/26/2024. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants. (Attachments: # [1](#) Final Determinations, # [2](#) Cambodia IDM, # [3](#) Malaysia IDM, # [4](#) Thailand IDM, # [5](#) Vietnam IDM) (Edelschick, Douglas) (Entered: 01/22/2024) |
| 01/23/2024 | 🌐[17](#) | Form 11 Notice of Appearance *of Roop K. Bhatti*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 01/23/2024) |
| 01/24/2024 | 🌐[18](#) | Rule 16 notice *Accordingly, all parties shall confer and file with the Clerk of the Court no later than February 22, 2024, an agreed upon proposed briefing schedule. In proposing the briefing schedule, the court encourages all parties to consider carefully their competing commitments and to propose realistic dates that they should be able to meet. In the event the parties are unable to agree, each party* |

| | | |
|---|---|---|
| | | *shall file a proposed briefing schedule no later than February 22, 2024. Counsel shall then contact the Case Manager, Lewis Hugh, at Lewis_Hugh@cit.uscourts.gov, with counsel for all other parties copied, by February 23, 2024, to schedule a conference call with Chambers to resolve the matters in dispute.* (Hugh, Lewis) (Entered: 01/24/2024) |
| 01/25/2024 | 🌐 19 | Joint Stipulation *in Lieu of Preliminary Injunction and Proposed Order*. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants. (Edelschick, Douglas) (Entered: 01/25/2024) |
| 01/26/2024 | 🌐 20 | Unopposed Motion to stay *briefing upon plaintiffs' motion for preliminary injunction*. Responses due by 2/16/2024. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants.(Edelschick, Douglas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 21 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC on behalf of American Clean Power Association. (Attachments: # 1 Notice of Appearance on Behalf of Jeffrey S. Grimson, Kristin H. Mowry, Bryan P. Cenko, Clemence D. Kim and Evan P. Drake, # 2 Form 13, # 3 Motion to Dismiss)(Grimson, Jeffrey) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 22 | Form 11 Notice of Appearance *of Jonathan T. Stoel, Craig A. Lewis, Michael G. Jacobson, Nicholas R. Sparks, Nicholas W. Laneville, Lindsay K. Brown, and Gregory M.A. Hawkins*. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of Canadian Solar (USA) Inc., Canadian Solar International Limited. (Sparks, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 23 | Form 13 Corporate Disclosure Statement . Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of Canadian Solar (USA) Inc., Canadian Solar International Limited. (Sparks, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 24 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of Solar Energy Industries Association. (Attachments: # 1 Proposed Order)(Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 25 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of Canadian Solar (USA) Inc., Canadian Solar International Limited. (Attachments: # 1 Comments Regarding Proposed Rule, # 2 First Tranche Case Brief, # 3 Motion to Dismiss) (Sparks, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 26 | Form 11 Notice of Appearance *for Matthew R. Nicely, Yujin K. McNamara, James E. Tysse, Julia K. Eppard, Daniel M. Witkowski, Sydney L. Stringer*. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of Solar Energy Industries Association.(Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 27 | Public Form 13 Corporate Disclosure Statement . Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of Solar Energy Industries Association. (Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 28 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC on behalf of JA Solar USA, Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd., JA Solar International Limited. (Attachments: # 1 Notice of Appearance on Behalf of Jeffrey S. Grimson, Kristin H. Mowry, Bryan P. Cenko, Clemence D. Kim and |

| | | Evan P. Drake, # 2 Form 13, # 3 Motion to Dismiss)(Grimson, Jeffrey) (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 🌐 29 | Public Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of NextEra Energy, Inc.. (Attachments: # 1 Proposed Order)(Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 30 | Form 11 Notice of Appearance *Matthew R. Nicely, James E. Tysse, Yujin K. McNamara, Daniel M. Witkowski, Julia K. Eppard, Sydney L. Stringer*. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of NextEra Energy, Inc..(Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 31 | Form 13 Corporate Disclosure Statement . Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of NextEra Energy, Inc.. (Nicely, Matthew) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 32 | Motion to dismiss case . Response to Dispositive Motion due by 3/1/2024. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of NextEra Energy, Inc.. (Attachments: # 1 Proposed Order)(Nicely, Matthew) M (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 33 | Form 11 Notice of Appearance *of Craig A. Lewis, Jonathan T. Stoel, Michael G. Jacobson, Nicholas R. Sparks, Nicholas W. Laneville, Lindsay K. Brown, and Gregory M.A. Hawkins*. Filed by Nicholas W. Laneville, I of Hogan Lovells US LLP on behalf of BYD (H.K.) Co., Ltd., BYD America LLC.(Laneville, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 34 | Form 13 Corporate Disclosure Statement . Filed by Nicholas W. Laneville, I of Hogan Lovells US LLP on behalf of BYD (H.K.) Co., Ltd., BYD America LLC. (Laneville, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 35 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/16/2024. Filed by Nicholas W. Laneville, I of Hogan Lovells US LLP on behalf of BYD (H.K.) Co., Ltd., BYD America LLC.(Laneville, Nicholas) (Entered: 01/26/2024) |
| 01/26/2024 | 🌐 36 | Motion to dismiss case . Response to Dispositive Motion due by 3/1/2024. Filed by Nicholas W. Laneville, I of Hogan Lovells US LLP on behalf of BYD (H.K.) Co., Ltd., BYD America LLC.(Laneville, Nicholas) (Entered: 01/26/2024) |
| 01/29/2024 | 🌐 37 | Consent Motion for protective order *regarding confidential information filed by proposed intervenors*. Responses due by 2/20/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC, Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of American Clean Power Association, NextEra Energy, Inc., Solar Energy Industries Association. (Attachments: # 1 Proposed Supplemental Protective Order) (Nicely, Matthew) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 38 | Order entered on 1/29/2024 granting Motion to stay. Upon consideration of defendants' unopposed motion to suspend briefing upon plaintiffs' motion for preliminary injunction (ECF Nos. 8, 15), and all other papers and proceedings had in this action, and upon due deliberation, it is hereby ORDERED that the motion is granted, and all briefing upon plaintiffs' motion for preliminary injunction is hereby STAYED pending further order of the Court. SO ORDERED. (Related Doc # 8 , 15 , 20 , 19 ). (Hugh, Lewis) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 39 | Motion to dismiss case *deemed filed. (Related Doc # 21 )*. Response to Dispositive Motion due by 3/1/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, |

| | | |
|---|---|---|
| | | PLLC on behalf of American Clean Power Association.(Hugh, Lewis) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 40 | Motion to dismiss case *deemed filed (Related Document(s) 25 ]*. Response to Dispositive Motion due by 3/1/2024. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of Canadian Solar (USA) Inc., Canadian Solar International Limited.(Hugh, Lewis) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 41 | Motion to dismiss case *deemed filed (Related Document(s) 28 )*. Response to Dispositive Motion due by 3/1/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC on behalf of JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited.(Hugh, Lewis) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 42 | Form 11 Notice of Appearance *of John B. Brew, Robert L. LaFrankie, Amanda S. Berman, Alexander H. Schaefer, and Weronika Bukowski*. Filed by John Bowers Brew of Crowell & Moring, LLP on behalf of Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC.(Brew, John) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 43 | Form 13 Corporate Disclosure Statement . Filed by John Bowers Brew of Crowell & Moring, LLP on behalf of Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC. (Brew, John) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 44 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/20/2024. Filed by John Bowers Brew of Crowell & Moring, LLP on behalf of Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC. (Attachments: # 1 Motion to Dismiss)(Brew, John) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 45 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/20/2024. Filed by MacKensie Ruth Sugama of Trade Pacific PLLC on behalf of Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd.. (Attachments: # 1 Memorandum to Support Motion)(Sugama, MacKensie) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 46 | Form 11 Notice of Appearance *for Jonathan M. Freed, Robert G. Gosselink, Kenneth N. Hammer, MacKensie R. Sugama, and Doris Di*. Filed by MacKensie Ruth Sugama of Trade Pacific PLLC on behalf of Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd..(Sugama, MacKensie) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 47 | Form 13 Corporate Disclosure Statement . Filed by MacKensie Ruth Sugama of Trade Pacific PLLC on behalf of Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd.. (Sugama, MacKensie) (Entered: 01/29/2024) |
| 01/29/2024 | 🌐 48 | Motion to dismiss case . Response to Dispositive Motion due by 3/4/2024. Filed by MacKensie Ruth Sugama of Trade Pacific PLLC on behalf of Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd..(Sugama, MacKensie) (Entered: 01/29/2024) |
| 01/30/2024 | 🌐 49 | Motion to dismiss case . Response to Dispositive Motion due by 3/5/2024. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of Solar Energy Industries Association. (Attachments: # 1 Proposed Order)(Nicely, Matthew) (Entered: 01/30/2024) |

| 01/31/2024 | 🌐 50 | Motion to Intervene as Defendant-Intervenor . Responses due by 2/21/2024. Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Risen Solar Technology Sdn. Bhd..(Menegaz, Gregory) (Entered: 01/31/2024) |
| --- | --- | --- |
| 01/31/2024 | 🌐 51 | Form 13 Corporate Disclosure Statement . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Risen Solar Technology Sdn. Bhd.. (Menegaz, Gregory) (Entered: 01/31/2024) |
| 01/31/2024 | 🌐 52 | Form 11 Notice of Appearance . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Risen Solar Technology Sdn. Bhd..(Menegaz, Gregory) (Entered: 01/31/2024) |
| 01/31/2024 | 🌐 53 | Motion to dismiss case . Response to Dispositive Motion due by 3/6/2024. Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Risen Solar Technology Sdn. Bhd..(Menegaz, Gregory) (Entered: 01/31/2024) |
| 02/01/2024 | 🌐 54 | Form 11 Notice of Appearance *of Sydney Reed*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of All Plaintiffs.(Beline, Thomas) (Entered: 02/01/2024) |
| 02/16/2024 | 🌐 55 | Consolidated Response *of Auxin Solar Inc. and Concept Clean Energy, Inc.* to Motion *to Dismiss for Lack of Subject Matter Jurisdiction* (related document(s) 41 , 44 , 39 , 16 , 53 , 40 , 36 , 32 , 48 , 49 ,). Replies due by 3/8/2024. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc. (Attachments: # 1 Proposed Order)(Beline, Thomas) (Entered: 02/16/2024) |
| 02/16/2024 | 🌐 56 | Consolidated Response *of Auxin Solar Inc. and Concept Clean Energy, Inc. in Opposition* to Motion *to Intervene* (related document(s) 44 , 29 , 50 , 24 , 25 , 45 , 21 , 35 , 28 ). Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Attachments: # 1 Proposed Order)(Beline, Thomas) (Entered: 02/16/2024) |
| 02/22/2024 | 🌐 57 | Joint Response to Court's Request/Order *Pursuant to Rule 16 and Proposed Scheduling Order*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 02/22/2024) |
| 02/26/2024 | 🌐 58 | Unopposed Motion for leave to *File Reply to Plaintiffs' Response in Opposition to Motions to Intervene*. Responses due by 3/18/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC, Jonathan Thomas Stoel of Hogan Lovells US LLP, Craig Anderson Lewis of Hogan Lovells US LLP, Gregory Stephen Menegaz of deKieffer & Horgan, PLLC, Jonathan Michael Freed of Trade Pacific PLLC on behalf of BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, Risen Solar Technology Sdn. Bhd., Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd.. (Attachments: # 1 Proposed Reply to Plaintiffs' Response in Opposition to Motion to Intervene) (Sparks, Nicholas) (Entered: 02/26/2024) |
| 02/26/2024 | 🌐 59 | Unopposed Motion for leave to *File Reply to Plaintiffs' Response in Opposition to Motions to Intervene* (related document(s) 44 , 29 , 24 , 21 ). Responses due by 3/18/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC, John Bowers Brew of Crowell & Moring, LLP, Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of American Clean Power Association, |

| | | |
|---|---|---|
| | | Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, NextEra Energy, Inc., Solar Energy Industries Association. (Attachments: # 1 Proposed Reply to Plaintiffs' Response in Opposition to Motions to Intervene) (Nicely, Matthew) (Entered: 02/26/2024) |
| 02/27/2024 | 🌐 60 | Order entered on 2/27/2024 granting Motion for leave to file. Upon consideration of the Motion of Proposed Defendant-Intervenors for leave to file a reply to Plaintiffs' Response in Opposition to Motions to Intervene, ECF No. 56, it is hereby ORDERED that Proposed Defendant-Intervenors' Motion for Leave is granted; and it is further ORDERED that Proposed Defendant-Intervenors' Reply attached to the Motion is admitted to the record. (Related Doc # 58 ) (Hugh, Lewis) (Entered: 02/27/2024) |
| 02/27/2024 | 🌐 61 | Reply *deemed filed. (related document(s) 56 ).* Filed by BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd. BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd..(Hugh, Lewis) (Entered: 02/27/2024) |
| 02/27/2024 | 🌐 62 | Order entered on 2/27/2024 granting Motion for leave to file. Upon consideration of the motion of NextEra Energy, Inc., Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC, Solar Energy Industries Association, and American Clean Power Association (collectively, "Proposed Intervenors") to file a reply to Plaintiffs' Response in Opposition to Motions to Intervene in the above-captioned appeal, and upon consideration of all other papers and proceedings herein, it is hereby: ORDERED that Proposed Intervenors' motion for leave is granted; and it is further ORDERED that Proposed Intervenors' Reply to Plaintiffs' Response in Opposition to Motions to Intervene, attached to Proposed Intervenors motion, is accepted onto the record. (Related Doc # 59 ) (Hugh, Lewis) (Entered: 02/27/2024) |
| 02/27/2024 | 🌐 63 | Reply *deemed filed. (related document(s) 56 ).* Filed by American Clean Power Association, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, NextEra Energy, Inc., Solar Energy Industries Association American Clean Power Association, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, NextEra Energy, Inc., Solar Energy Industries Association.(Hugh, Lewis) (Entered: 02/27/2024) |
| 03/01/2024 | 🌐 64 | Order entered on 3/1/2024. Upon consideration of the Response to Rule 16 Notice filed by Plaintiffs and Defendants, and all other papers and proceedings in this action, it is hereby: ORDERED that the above-captioned action will proceed according to the following schedule: In the event the Court denies Defendants' Motion to Dismiss and finds subject matter jurisdiction under 28 U.S.C. § 1581(i) in this action, then no later than 14 days after the date of filing of Defendants' Answer, the Parties shall file with the Court a proposed schedule. If the parties are unable to agree, each party shall file a proposed schedule no later than 14 days after the date of filing of Defendants Answer. Counsel shall then contact the Case Manager, Hugh Lewis, at Lewis_Hugh@cit.uscourts.gov, with counsel for all other parties copied, no later than 15 days after the date of filing of Defendants' Answer, |

| | | |
|---|---|---|
| | | to schedule a conference call with Chambers to resolve the matters in dispute. SO ORDERED. (related document(s) 57 ) (Hugh, Lewis) (Entered: 03/01/2024) |
| 03/05/2024 | 🌐 65 | Consent Motion for extension of time until 3/18/2024 to file brief *reply brief in support of motion to dismiss*. Responses due by 3/26/2024. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of Troy A. Miller, Gina M. Raimondo, United States, United States Customs and Border Protection, United States Department of Commerce.(Edelschick, Douglas) (Entered: 03/05/2024) |
| 03/06/2024 | 🌐 66 | Order entered on 3/6/2024 granting Motion for extension of time to file brief. Upon consideration of defendants' consent motion for an extension of time (ECF No. 65), and all other papers and proceedings had in this action, and upon due deliberation, it is hereby ORDERED that the motion is GRANTED for good cause shown, and defendants shall file a reply brief in support of their motion to dismiss on or before March 18, 2024. SO ORDERED. (Related Doc # 65 ) (Hugh, Lewis) (Entered: 03/06/2024) |
| 03/06/2024 | 🌐 67 | Consent Motion for extension of time until 3/18/2024 to file reply brief *regarding Motions to Dismiss*. Responses due by 3/27/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC, Jonathan Thomas Stoel of Hogan Lovells US LLP, Craig Anderson Lewis of Hogan Lovells US LLP, John Bowers Brew of Crowell & Moring, LLP, Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP, Gregory Stephen Menegaz of deKieffer & Horgan, PLLC, Jonathan Michael Freed of Trade Pacific PLLC on behalf of American Clean Power Association, BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, NextEra Energy, Inc., Risen Solar Technology Sdn. Bhd., Solar Energy Industries Association, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd..(Sparks, Nicholas) (Entered: 03/06/2024) |
| 03/07/2024 | 🌐 68 | Order entered on 3/7/2024 granting Motion for extension of time to file reply brief. Upon consideration of the Motion of Proposed Defendant-Intervenors for an extension of time to file a reply to the Consolidated Response of Auxin Solar Inc. and Concept Clean Energy, Inc. to Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 55, it is hereby: ORDERED that Proposed Defendant-Intervenors' Motion for an Extension of Time is granted; and it is further ORDERED that Proposed Defendant-Intervenors file a single consolidated reply to the Consolidated Response of Auxin Solar Inc. and Concept Clean Energy, Inc. to Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 55; and it is further ORDERED that Proposed Defendant-Intervenors' reply to the Consolidated Response of Auxin Solar Inc. and Concept Clean Energy, Inc. to Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 55, is due no later than March 18, 2024. (Related Doc # 67 ). (Hugh, Lewis) (Entered: 03/07/2024) |
| 03/18/2024 | 🌐 69 | Reply *in Support of Defendants' Motion to Dismiss* (related document(s) 55 ). Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants. (Attachments: # 1 Exhibit 1 (Andujar Declaration))(Edelschick, Douglas) (Entered: 03/18/2024) |
| 03/18/2024 | 🌐 70 | Reply *in Support of Motions to Dismiss* (related document(s) 55 ). Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of American Clean Power Association, BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, Invenergy Renewables LLC, Invenergy |

| | | Solar Equipment Management LLC, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, NextEra Energy, Inc., Risen Solar Technology Sdn. Bhd., Solar Energy Industries Association, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd..(Sparks, Nicholas) (Entered: 03/18/2024) |
|---|---|---|
| 03/20/2024 | 🌐 71 | Order entered on 3/20/2024. Upon consideration of the Joint Stipulation in Lieu of Plaintiffs' Preliminary Injunction, ECF No. 19, the court orders parties to support the stipulation that they, as parties litigating before the court, have the authority to bestow the Court with its powers concerning the reliquidation of entries. Accordingly it is hereby, ORDERED that each party file within 7 days of this order a responsive supplemental brief in response to the court's concerns about the passage in the Joint Stipulation regarding the court's authority to order reliquidation, and that each supplemental responsive statement is limited to 1,000 words for each party. ORDERED that, if parties wish to reconsider the formulation of their Joint Stipulation in light of this Memorandum and Order, the parties may instead file an amended Joint Stipulation in lieu of supplemental briefing. SO ORDERED. (related document(s) 19 ) (Hugh, Lewis) (Entered: 03/20/2024) |
| 03/27/2024 | 🌐 72 | Response to Court's Request/Order *of March 20, 2024*. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants. (Edelschick, Douglas) (Entered: 03/27/2024) |
| 03/27/2024 | 🌐 73 | Response to Court's Request/Order *of March 20, 2024*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 03/27/2024) |
| 04/01/2024 | 🌐 74 | Unopposed Motion for leave to *File Comments Regarding the Court's March 20, 2024, Order* (related document(s) 72 , 19 , 73 ). Responses due by 4/22/2024. Filed by Jeffrey Sheldon Grimson of Mowry & Grimson, PLLC, Jonathan Thomas Stoel of Hogan Lovells US LLP, Craig Anderson Lewis of Hogan Lovells US LLP, John Bowers Brew of Crowell & Moring, LLP, Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP, Gregory Stephen Menegaz of deKieffer & Horgan, PLLC, Jonathan Michael Freed of Trade Pacific PLLC on behalf of American Clean Power Association, BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, NextEra Energy, Inc., Risen Solar Technology Sdn. Bhd., Solar Energy Industries Association, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd.. (Attachments: # 1 Comments Regarding Proposed Stipulation)(Nicely, Matthew) (Entered: 04/01/2024) |
| 05/09/2024 | 🌐 75 | Order entered on 5/9/2024 Slip Op. 24-58: Denying Defendants' Motion to Dismiss, granting the Joint Stipulation of Plaintiffs and Defendants, granting Proposed Defendant-Intervenors' Motions to Intervene and granting the Supplemental Protective Order of Defendant-Intervenors. Accordingly, it is hereby ORDERED that the Motions to Dismiss of defendants and proposed defendant intervenors are DENIED; it is further ORDERED that the Motions to Intervene of proposed defendant-intervenors are granted; it is further ORDERED that the Supplemental Protective Order is granted; it is further ORDERED that the Joint Stipulation of plaintiffs and defendants is granted; and it is further ORDERED that parties file a Joint Proposed Briefing Schedule within 14 days of this opinion and |

| | | |
|---|---|---|
| | | order. SO ORDERED. (related document(s) 44 , 32 , 19 , 36 , 16 , 39 , 29 , 40 , 41 , 24 , 48 , 74 , 37 , 49 , 25 , 53 , 45 , 21 , 35 , 28 ) (Hugh, Lewis) (Entered: 05/09/2024) |
| 05/23/2024 | 🌐 76 | Defendant's Answer to Complaint. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants. (Edelschick, Douglas) (Entered: 05/23/2024) |
| 05/23/2024 | 🌐 77 | Joint Proposed scheduling order *for Plaintiffs, Defendants, and Defendant-Intervenors*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 05/23/2024) |
| 05/23/2024 | 🌐 78 | Administrative record for U.S. Department of Commerce filed . Filed by Spencer C. Neff of U.S. Department of Commerce on behalf of United States. (Attachments: # 1 Administrative Record Part 1, # 2 Administrative Record Part 2, # 3 Record Index, # 4 Certification)(Neff, Spencer) (Entered: 05/23/2024) |
| 06/03/2024 | 🌐 79 | Order entered on 6/3/2024 granting Joint Proposed Scheduling Order. Upon consideration of the Joint Proposed Briefing Schedule filed by plaintiffs, defendants, and defendant-intervenors, and all other papers and proceedings in this action, it is hereby: ORDERED that the above-captioned action will proceed according to the following schedule: Defendant-Intervenors shall file their answer(s) on or before June 6, 2024; Plaintiffs' Rule 56.1 motion for judgment on the administrative record and supporting brief shall be filed on or before July 22, 2024; Defendants' response to plaintiffs motion and supporting brief shall be filed on or before October 29, 2024; Defendant-Intervenors' response(s) to plaintiffs' motion and supporting brief, which shall omit duplicative arguments as instructed by this Court, shall be filed on or before November 19, 2024; Plaintiffs' reply to defendants' and defendant-intervenors' responses shall be filed on or before December 19, 2024; Motions for oral argument, if any, shall be filed on or before January 9, 2025; and Plaintiffs shall file the joint appendix on or before January 9, 2025. (related document(s) 77 ).(Hugh, Lewis) (Entered: 06/03/2024) |
| 06/06/2024 | 🌐 80 | Answer to Complaint . Filed by Daniel Martin Witkowski of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of American Clean Power Association, BYD (H.K.) Co., Ltd., BYD America LLC, Canadian Solar (USA) Inc., Canadian Solar International Limited, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar USA, Inc., JA Solar Vietnam Company Limited, NextEra Energy, Inc., Risen Solar Technology Sdn. Bhd., Solar Energy Industries Association, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd.. (Witkowski, Daniel) (Entered: 06/06/2024) |
| 06/06/2024 | 🌐 81 | Motion to Intervene as Defendant-Intervenor . Responses due by 6/27/2024. Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Boviet Solar Technology Co. Ltd., Boviet Solar USA, Ltd..(Menegaz, Gregory) (Entered: 06/06/2024) |
| 06/06/2024 | 🌐 82 | Answer to Complaint . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Boviet Solar Technology Co. Ltd., Boviet Solar USA, Ltd.. (Menegaz, Gregory) (Entered: 06/06/2024) |
| 06/06/2024 | 🌐 83 | Form 13 Corporate Disclosure Statement . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Boviet Solar Technology Co. Ltd.. (Menegaz, Gregory) (Entered: 06/06/2024) |

| 06/06/2024 | 🌑 84 | Form 13 Corporate Disclosure Statement . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Boviet Solar USA, Ltd.. (Menegaz, Gregory) (Entered: 06/06/2024) |
|---|---|---|
| 06/06/2024 | 🌑 85 | Form 11 Notice of Appearance . Filed by Gregory Stephen Menegaz of deKieffer & Horgan, PLLC on behalf of Boviet Solar Technology Co. Ltd., Boviet Solar USA, Ltd..(Menegaz, Gregory) (Entered: 06/06/2024) |
| 06/06/2024 | 🌑 86 | Unopposed Motion to Intervene as Defendant-Intervenor *and Memorandum of Law In Support*. Responses due by 6/27/2024. Filed by Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JinkoSolar (Vietnam) Industries Company Limited, JinkoSolar Investment Limited. (Attachments: # 1 Proposed Order)(Marshak, Ned) (Entered: 06/06/2024) |
| 06/06/2024 | 🌑 87 | Answer to Complaint . Filed by Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar (U.S.) Industries Inc., Jinko Solar Technology Sdn. Bhd., JinkoSolar (U.S.) Inc., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC. (Marshak, Ned) (Entered: 06/06/2024) |
| 06/06/2024 | 🌑 88 | Form 11 Notice of Appearance *for Ned H. Marshak, Brandon M. Petelin, and Jordan C. Kahn*. Filed by Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar (U.S.) Industries Inc., Jinko Solar Technology Sdn. Bhd., JinkoSolar (U.S.) Inc., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC.(Marshak, Ned) (Entered: 06/06/2024) |
| 06/06/2024 | 🌑 89 | Form 13 Corporate Disclosure Statement *for Jinko*. Filed by Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar (U.S.) Industries Inc., Jinko Solar Technology Sdn. Bhd., JinkoSolar (U.S.) Inc., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC. (Marshak, Ned) (Entered: 06/06/2024) |
| 06/11/2024 | 🌑 90 | Order entered on 6/11/2024 granting Motion to intervene. It is hereby ORDERED that the Motion to Intervene is granted; and it is therefore ORDERED that Movants shall have the status of party Defendant-Intervenors in this action. (Related Doc # 81 ) (Hugh, Lewis) (Entered: 06/11/2024) |
| 06/11/2024 | 🌑 91 | Order entered on 6/11/2024 granting Motion to intervene. It is hereby ORDERED that the motion is granted; and it is further ORDERED that Jinko may participate in this action as a Defendant-Intervenor. (Related Doc # 86 ) (Hugh, Lewis) (Entered: 06/11/2024) |
| 06/13/2024 | 🌑 92 | Amended Form 11 Notice of Appearance *on behalf of Thomas M. Beline*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 06/13/2024) |
| 07/22/2024 | 🌑 93 | Motion for judgment on agency record 56.1 *, Memorandum of Law, and Proposed Order*. Response to Dispositive Motion due by 10/29/2024. Filed by Thomas |

| | | |
|---|---|---|
| | | Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc. (Beline, Thomas) (Entered: 07/22/2024) |
| 07/31/2024 | 🌐 94 | Form 11 Notice of Appearance . Filed by Elio Gonzalez of U.S. Department of Commerce on behalf of United States.(Gonzalez, Elio) (Entered: 07/31/2024) |
| 10/29/2024 | 🌐 95 | Response *Of Defendant United States* to Motion *For Judgment On The Agency Record* (related document(s) 93 ). Replies due by 11/19/2024. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of United States. (Attachments: # 1 Exhibit Webster's)(Edelschick, Douglas) (Entered: 10/29/2024) |
| 11/19/2024 | 🌐 96 | Response to Motion *Rule 56.1*. Replies due by 12/19/2024. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of JA Solar USA, Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd., JA Solar International Limited, NextEra Energy, Inc., BYD (H.K.) Co., Ltd., BYD America LLC, Invenergy Renewables LLC, Invenergy Solar Equipment Management LLC, Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Limited, Trina Solar Science & Technology (Thailand) Ltd., Risen Solar Technology Sdn. Bhd., Boviet Solar Technology Co., Ltd., Boviet Solar USA, Ltd., Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, Jinkosolar (Vietnam) Industries Company Limited, JinkoSolar Investment Limited, American Clean Power Association, Canadian Solar (USA) Inc., Canadian Solar International Limited, Solar Energy Industries Association.(Nicely, Matthew) (Entered: 11/19/2024) |
| 12/17/2024 | 🌐 97 | Unopposed Motion for excess pages/words *for Plaintffs' Reply*. Responses due by 1/7/2025. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 12/17/2024) |
| 12/18/2024 | 🌐 98 | Order entered on 12/18/2024 granting Motion for excess pages/words (Related Doc # 97 ). ORDERED that the Plaintiffs' Unopposed Partial Consent Motion to Enlarge Word Count Reply is GRANTED; and it is further ORDERED that Plaintiffs' reply to defendants' and defendant-intervenors' responses must not exceed 10,500 words, exclusive of the portions excluded from the word count by paragraph 2(B)(1)(c) of the Standard Chambers Procedures of the U.S. Court of International Trade. (Cheevers, Casey) (Entered: 12/18/2024) |
| 12/19/2024 | 🔒 🌐 99 | Confidential Reply *in Support of Plaintffs' Rule 56.1 Motion for Judgment on the Agency Record* (related document(s) 96 , 95 ). Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 12/19/2024) |
| 12/19/2024 | 🌐 100 | Public Reply *in Support of Plaintffs' Rule 56.1 Motion for Judgment on the Agency Record* (related document(s) 99 , 96 , 95 ). Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc..(Beline, Thomas) (Entered: 12/19/2024) |
| 01/09/2025 | 🌐 101 | Unopposed Motion for oral argument on Plaintiffs' Rule 56.1 Motion for Judgment, Responses, and Reply (related document(s) 93 , 99 , 100 , 96 , 79 , 95 ). Responses due by 1/30/2025. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 01/09/2025) |
| 01/09/2025 | 🌐 102 | Joint Appendix (related document(s) 93 , 99 , 100 , 96 , 95 ). Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Auxin Solar Inc., |

| | | Concept Clean Energy, Inc.. (Beline, Thomas) (Entered: 01/09/2025) |
|---|---|---|
| 02/10/2025 | 🌐103 | Order entered on 2/10/2025 granting Motion for oral argument (Related Doc # 101). An oral argument is scheduled for 6/26/2025 at 10:00 AM in Courtroom No. 1 of the United States Court of International Trade before the Honorable Judge Timothy M. Reif. (Cheevers, Casey) (Entered: 02/10/2025) |
| 02/25/2025 | 🌐104 | Form 12 Substitution of Attorney filed by *The Inter-Global Trade Law Group PLLC* to appear in place of *deKieffer & Horgan, PLLC*. Filed by Gregory Stephen Menegaz of The Inter-Global Trade Law Group PLLC on behalf of Boviet Solar Technology Co., Ltd., Boviet Solar USA, Ltd..(Menegaz, Gregory) (Entered: 02/25/2025) |
| 02/25/2025 | 🌐105 | Form 12 Substitution of Attorney filed by *The Inter-Global Trade Law Group PLLC* to appear in place of *deKieffer & Horgan, PLLC*. Filed by Gregory Stephen Menegaz of The Inter-Global Trade Law Group PLLC on behalf of Risen Solar Technology Sdn. Bhd..(Menegaz, Gregory) (Entered: 02/25/2025) |
| 02/25/2025 | 🌐106 | Form 17 Business Proprietary Information Certification filed on behalf of Gregory S. Menegaz, Alexandra H. Salzman, Vivien J. Wang, Judith L. Holdsworth as Attorney/Consultant(s) . Filed by Gregory Stephen Menegaz of The Inter-Global Trade Law Group PLLC on behalf of Risen Solar Technology Sdn. Bhd., Boviet Solar Technology Co., Ltd., Boviet Solar USA, Ltd.. (Menegaz, Gregory) (Entered: 02/25/2025) |
| 06/17/2025 | 🌐107 | Form 11 Notice of Appearance . Filed by Benjamin W. Juvelier of U.S. Department of Commerce on behalf of United States Department of Commerce, United States. (Juvelier, Benjamin) (Entered: 06/17/2025) |
| 06/18/2025 | 🌐108 | Form 18A Notification of Termination of Government Attorney Access to Business Proprietary Information on behalf of . Filed by Elio Gonzalez of U.S. Department of Commerce on behalf of All Defendants (Gonzalez, Elio) (Entered: 06/18/2025) |
| 06/18/2025 | 🌐109 | Letter filed by The Honorable Timothy M. Reif concerning *Oral Argument Questions*. (Warner, Scott) (Entered: 06/18/2025) |
| 06/23/2025 | 🌐110 | Consent Motion to alter/amend/correct *Protective Order* (related document(s) 13 ). Responses due by 7/14/2025. Filed by Matthew Robert Nicely of Akin, Gump, Strauss, Hauer & Feld, LLP on behalf of JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC, JinkoSolar Holding Co., Ltd., JinkoSolar (Vietnam) Co., Ltd., Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., Jinko Solar (U.S.) Inc., Jinko Solar (U.S.) Industries Inc., Boviet Solar USA., Ltd., Boviet Solar Technology Co., Ltd., Risen Solar Technology Sdn. Bhd., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar (U.S.) Inc., Invenergy Solar Equipment Management LLC, Invenergy Renewables LLC, BYD America LLC, BYD (H.K.) Co., Ltd., NextEra Energy, Inc., JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar Vietnam Company Limited, JA Solar USA, Inc., Solar Energy Industries Association, Canadian Solar International Limited, Canadian Solar (USA) Inc., American Clean Power Association. (Attachments: # 1 Proposed Amended Protective Order (Redline), # 2 Proposed Amended Protective Order) (Nicely, Matthew) (Entered: 06/23/2025) |

| 06/24/2025 | 🌐111 | Order entered on 6/24/2025 granting Motion to alter/amend/correct. Stipulated Amended Protective Order Regarding Confidential Information entered on 6/24/2025. (See Order for full details.) (Related Doc # 110 ) (Hugh, Lewis) (Entered: 06/24/2025) |
| --- | --- | --- |
| 06/25/2025 | 🌐112 | Form 11 Notice of Appearance . Filed by Alexandra Khrebtukova of U.S. Customs and Border Protection on behalf of United States Customs and Border Protection. (Khrebtukova, Alexandra) (Entered: 06/25/2025) |
| 06/26/2025 | 🌐113 | Oral Argument held on 6/26/2025 at 10:00 AM in Courtroom 1. *Appearance Sheet attached*. (Hugh, Lewis) (Entered: 06/26/2025) |
| 07/01/2025 | 🔒🌐114 | Transcript of Oral Argument held on 6/26/2025 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 7/8/2025. Redaction Request due 7/22/2025. Redacted Transcript Deadline set for 8/1/2025. Release of Transcript Restriction set for 9/29/2025. (Hugh, Lewis) (Entered: 07/01/2025) |
| 08/22/2025 | 🔒🌐115 | Confidential Order entered on 8/22/2025, Slip-Op. 25-111: Granting Plaintiffs' Motion for Judgment on the Agency Record. For the foregoing reasons, the court grants plaintiffs' motion for judgment on the agency record. Accordingly, it is hereby ORDERED that Plaintiffs' Rule 56.1 Motion for Judgment on the Agency Record is GRANTED; it is further ORDERED that *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), is VACATED; it is further ORDERED that, within 20 days of the issuance of judgment in this action, Defendants shall publish notice of said vacatur in the Federal Register; it is further ORDERED that Defendants shall promptly liquidate and collect antidumping and countervailing duties on any presently unliquidated entries found to be circumventing the antidumping and countervailing duty orders on CSPV products from China in *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023), for which the now-vacated *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) were applied; and it is further ORDERED that, should any of the aforementioned entries be liquidated prior to the issuance of judgment in this action, Defendants shall promptly identify, collect any uncollected antidumping and countervailing duties on, and reliquidate all such entries. SO ORDERED. (related document(s) 102 , 93 , 99 , 100 , 113 , 96 , 95 ) (Attachments: # 1 Cited Web Page(s)) (Chien, Jason) (Entered: 08/22/2025) |
| 08/22/2025 | 🌐116 | Judgment to Slip-Op. 25-111 entered on 8/22/2025: This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby ORDERED that Plaintiffs' Rule 56.1 Motion for Judgment on the Agency Record is GRANTED; it is further ORDERED that *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties In Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), is VACATED; it is further ORDERED that, within 20 days of the issuance of judgment in this action, Defendants shall publish notice of said vacatur in the Federal Register; it is further ORDERED that Defendants shall promptly liquidate and collect antidumping and countervailing duties on any presently unliquidated entries found to be |

| | | |
|---|---|---|
| | | circumventing the antidumping and countervailing duty orders on CSPV products from China in *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023), for which the now-vacated *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) were applied; and it is further ORDERED that, should any of the aforementioned entries be liquidated prior to the issuance of judgment in this action, Defendants shall promptly identify, collect any uncollected antidumping and countervailing duties on, and reliquidate all such entries. (related document(s) 115 ) (Chien, Jason) (Entered: 08/22/2025) |
| 08/22/2025 | 🌐117 | Letter filed by the Honorable Timothy M. Reif concerning *Slip-Op. 25-111. The court asks the parties to review the opinion and inform the court in writing by 17:00 ET on Friday, August 29, 2025, whether any information not already redacted is confidential and should be redacted in the public version, or whether any redacted information can remain public. If the parties believe that any additional information should be redacted from the public version, please identify the information or statement and explain the basis for the proposed redaction. (See Letter for Full Details)*. (Chien, Jason) (Entered: 08/22/2025) |
| 08/25/2025 | 🌐118 | Letter *Regarding Bracketing of Proprietary Information in Slip Op. 25-111*. Filed by Thomas Martin Beline of Cassidy Levy Kent (USA) LLP on behalf of Concept Clean Energy, Inc., Auxin Solar Inc.. (Beline, Thomas) (Entered: 08/25/2025) |
| 08/27/2025 | 🌐119 | Form 11 Notice of Appearance *for Pierce Lee*. Filed by Robert Lewis LaFrankie, II of Crowell & Moring, LLP on behalf of Invenergy Solar Equipment Management LLC, Invenergy Renewables LLC.(LaFrankie, Robert) (Entered: 08/27/2025) |
| 08/27/2025 | 🌐120 | Letter *Regarding Bracketing of Proprietary Information in Slip Op. 25-111*. Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC, JinkoSolar Holding Co., Ltd., JinkoSolar (Vietnam) Co., Ltd., Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., JinkoSolar (U.S.) Inc., Jinko Solar (U.S.) Industries Inc., Boviet Solar USA., Ltd., Boviet Solar Technology Co., Ltd., Risen Solar Technology Sdn. Bhd., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar (U.S.) Inc., Invenergy Solar Equipment Management LLC, Invenergy Renewables LLC, BYD America LLC, BYD (H.K.) Co., Ltd., NextEra Energy, Inc., JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar Vietnam Company Limited, JA Solar USA, Inc., Solar Energy Industries Association, Canadian Solar International Limited, Canadian Solar (USA) Inc., American Clean Power Association. (Sparks, Nicholas) (Entered: 08/27/2025) |
| 08/29/2025 | 🌐121 | Request for Redaction *Notice of Compliance with No Proposed Redactions*. Filed by Douglas Glenn Edelschick of U.S. Department of Justice on behalf of All Defendants.(Edelschick, Douglas) (Entered: 08/29/2025) |
| 09/02/2025 | 🌐122 | Order entered on 9/2/2025: Public Version of Slip-Op. 25-111 issued. (related document(s) 115 , 117 , 118 , 120 , 121 ) (Chien, Jason) (Entered: 09/02/2025) |
| 09/05/2025 | 🌐123 | Unopposed Motion to alter/amend/correct *the judgment* (related document(s) 116 ). Responses due by 9/26/2025. Filed by Douglas Glenn Edelschick of U.S. |

| | | |
|---|---|---|
| | | Department of Justice on behalf of All Defendants.(Edelschick, Douglas) (Entered: 09/05/2025) |
| 09/08/2025 | 🌐 124 | Order entered on 9/8/2025 granting Unopposed Motion to alter/amend/correct. Upon consideration of defendant's unopposed motion to amend the judgment (ECF No. 116), it is hereby ORDERED, that said motion is GRANTED; and it is further ORDERED, that within 67 days of the issuance of judgment in this action, defendants shall publish notice of vacatur of *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), in the Federal Register. (related document(s) # 116 , 123 ) (Chien, Jason) (Entered: 09/08/2025) |
| 09/16/2025 | 🌐 125 | Notice of Appeal of judgment/order of 8/22/2025 filed. (related document(s) 115 , 124 , 122 , 116 ). Filed by Nicholas R. Sparks of Hogan Lovells US LLP on behalf of JinkoSolar Investment Limited, Jinkosolar (Vietnam) Industries Company Limited, Jinkosolar Middle East DMCC, JinkoSolar Holding Co., Ltd., JinkoSolar (Vietnam) Co., Ltd., Jinko Solar (Malaysia) Sdn. Bhd., Jinko Solar Technology Sdn. Bhd., JinkoSolar (U.S.) Inc., Jinko Solar (U.S.) Industries Inc., Boviet Solar USA., Ltd., Boviet Solar Technology Co., Ltd., Risen Solar Technology Sdn. Bhd., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar (U.S.) Inc., Invenergy Solar Equipment Management LLC, Invenergy Renewables LLC, BYD America LLC, BYD (H.K.) Co., Ltd., NextEra Energy, Inc., JA Solar International Limited, JA Solar Malaysia Sdn. Bhd., JA Solar Vietnam Company Limited, JA Solar USA, Inc., Solar Energy Industries Association, Canadian Solar International Limited, Canadian Solar (USA) Inc., American Clean Power Association.(Sparks, Nicholas) (Entered: 09/16/2025) |

### UNITED STATES COURT OF INTERNATIONAL TRADE

**AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC.**,

               Plaintiffs,

v.

**UNITED STATES, et al.,**

               Defendants,

and

**AMERICAN CLEAN POWER ASSOCIATION, et al.,**

               Defendant-Intervenors.

Before: Timothy M. Reif, Judge

Court No. 23-00274

## <u>JUDGMENT</u>

This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that Plaintiffs' Rule 56.1 Motion for Judgment on the Agency Record is **GRANTED**; it is further

**ORDERED** that *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), is **VACATED**; it is further

**ORDERED** that, within 20 days of the issuance of judgment in this action, Defendants shall publish notice of said vacatur in the Federal Register; it is further

**ORDERED** that Defendants shall promptly liquidate and collect antidumping and countervailing duties on any currently unliquidated entries found to be circumventing the

antidumping and countervailing duty orders on CSPV products from China in

*Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells,*

*Whether or Not Assembled Into Modules, From the People's Republic of China: Final*

*Scope Determination and Final Affirmative Determinations of Circumvention With*

*Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of

Commerce Aug. 23, 2023), for which the now-vacated *Procedures Covering*

*Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential*

*Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) were

applied; and it is further

**ORDERED** that, should any of the aforementioned entries be liquidated prior to the

issuance of judgment in this action, Defendants shall promptly identify, collect any

uncollected antidumping and countervailing duties on, and reliquidate all such entries.

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated: August 22, 2025
          New York, New York

Slip Op. 25-111

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AUXIN SOLAR, INC., AND CONCEPT CLEAN ENERGY, INC., | |
| Plaintiffs, | |
| v. | Before: Timothy M. Reif, Judge |
| UNITED STATES, et al., | |
| Defendants, | Court No. 23-00274 |
| and | PUBLIC VERSION |
| AMERICAN CLEAN POWER ASSOCIATION, et al., | |
| Defendant-Intervenors. | |

## OPINION AND ORDER

[Granting Plaintiffs' Motion for Judgment on the Agency Record.]

Dated: August 22, 2025

Thomas M. Beline and James E. Ransdell, Cassidy Levy Kent (USA) LLP, of Washington, D.C., argued for Plaintiffs Auxin Solar, Inc. and Concept Clean Energy, Inc. With them on the briefs were Roop K. Bhatti, Chase J. Dunn, and Sydney C. Reed.

Douglas G. Edelschick, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., Spencer Neff, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., and Alexandra Khrebtukova, Senior Attorney (Trade & Finance), U.S. Customs and Border Protection, of Washington, D.C., argued for Defendants. With them on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C. Of counsel on the brief were Elio Gonzalez, Senior Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., and Emma L. Tiner, Attorney, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of Washington, D.C.

**PUBLIC VERSION**

Court No. 23-00274                                                      Page 2

Jeffrey S. Grimson and Kristin H. Mowry, Mowry & Grimson, PLLC, of Washington, D.C., argued for Defendant-Intervenors American Clean Power Association, JA Solar USA, Inc., JA Solar Vietnam Co. Ltd., JA Solar Malaysia Sdn. Bhd., and JA Solar International Ltd.  With them on the brief were Bryan P. Cenko, Clemence D. Kim, and Evan P. Drake.

Jonathan T. Stoel, Craig A. Lewis, and Gregory M.A. Hawkins, Hogan Lovells US LLP, of Washington, D.C., argued for Defendant-Intervenors Canadian Solar (USA) Inc., Canadian Solar International Ltd., BYD (H.K.) Co., Ltd., and BYD America LLC.  With them on the brief were Michael G. Jacobson, Nicholas R. Sparks, Lindsay K. Brown, and Nicholas W. Laneville.

Matthew R. Nicely and Daniel M. Witkowski, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., argued for Defendant-Intervenors Solar Energy Industries Association and NextEra Energy, Inc.  With them on the brief was Julia K. Eppard.

Weronika Bukowski and Robert L. LaFrankie, II, Crowell & Moring, LLP, of Washington, D.C., argued for Defendant-Intervenors Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC.  With them on the brief were John B. Brew, Alexander H. Schaefer, and Amanda S. Berman.

Gregory S. Menegaz, The Inter-Global Trade Law Group, PLLC, of Washington, D.C., argued for Defendant-Intervenor Risen Solar Technology Sdn. Bhd.

David M. Morrell, Jones Day, of Washington, D.C., argued for Defendant-Intervenors Boviet Solar Technology Co., Ltd. and Boviet Solar USA., Ltd.

Jonathan M. Freed, Kenneth N. Hammer, and MacKensie R. Sugama, Trade Pacific PLLC, of Washington, D.C., for Defendant-Intervenors Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science & Technology Co., Ltd., Trina Solar Energy Development Company Ltd., and Trina Solar Science & Technology (Thailand) Ltd.

Ned H. Marshak and Jordan C. Kahn, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of New York, NY, for Defendant-Intervenors Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries Co., Ltd.

* * *

Reif, Judge:  Before the court is the motion for judgment on the agency record by

plaintiffs Auxin Solar, Inc. ("Auxin Solar") and Concept Clean Energy, Inc. ("CCE")

**PUBLIC VERSION**

Court No. 23-00274                                                                 Page 3

(together, "plaintiffs").[1]  Plaintiffs invoke this Court's subject matter jurisdiction under 28

U.S.C. § 1581(i) and seek vacatur of the final rule of the Department of Commerce

("Commerce") published as *Procedures Covering Suspension of Liquidation, Duties and*

*Estimated Duties in Accord With Presidential Proclamation 10414* ("Duty Suspension

Rule"), 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) and codified as 19

C.F.R. pt. 362 (2022), which implemented Proclamation 10414 of June 6, 2022,

published as Proclamation No. 10414, *Declaration of Emergency and Authorization for*

*Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules*

*from Southeast Asia*, 87 Fed. Reg. 35,067 (June 9, 2022).

Plaintiffs allege that the Duty Suspension Rule is unlawful because it violates the

statutory authority, 19 U.S.C. § 1318(a), invoked by Proclamation 10414 in declaring an

emergency and by Commerce in promulgating the Duty Suspension Rule.  For the

reasons discussed below, the court grants plaintiffs' Rule 56.1 Motion for Judgment on

the Agency Record.

## BACKGROUND

I.    **Factual Background**

A.    **AD/CVD and Circumvention Determinations**

Since 2012, Commerce has administered antidumping and countervailing duty

orders covering Crystalline Silicon Photovoltaic cells whether or not assembled into

modules ("CSPV cells and modules") from the People's Republic of China ("China").

*See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules,*

---

[1] Auxin Solar is a domestic manufacturer of Crystalline Silicon Photovoltaic ("CSPV") modules.  Compl. ¶ 5, ECF No. 2.  CCE is a domestic designer of solar structures that incorporate domestically-manufactured CSPV modules.  *Id.* ¶ 6.

**PUBLIC VERSION**

Court No. 23-00274                                                                                          Page 4

*From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 77 Fed. Reg. 73,018 (Dep't of Commerce Dec. 7, 2012); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing Duty Order*, 77 Fed. Reg. 73,017 (Dep't of Commerce Dec. 7, 2012).

On April 1, 2022, Commerce initiated inquiries to determine whether imports of CSPV cells and modules produced in Cambodia, Malaysia, Thailand and Vietnam (the "subject countries") circumvented the AD/CVD orders by incorporating parts and components from China.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75,221-26 (Dep't of Commerce Dec. 8, 2022).

On August 23, 2023, Commerce issued a final determination concluding that CSPV cells and modules from the subject countries were circumventing the AD/CVD orders on CSPV cells and modules from China.  *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam* ("Final Determination"), 88 Fed. Reg. 57,419-22 (Dep't of Commerce Aug. 23, 2023).

### B.    Presidential Proclamation 10414 and the Duty Suspension Rule

On June 9, 2022, President Biden declared an emergency pursuant to 19 U.S.C. § 1318(a)[2] with respect to threats to the availability of sufficient electricity generation capacity to meet expected customer demand in the United States.  Proclamation 10414, 87 Fed. Reg. at 35,067-69.[3]  Proclamation 10414 authorized Commerce to take action under § 1318(a) to permit the importation of CSPV cells and modules from the subject countries into the United States "free of the collection of duties and estimated duties." *Id*. at 35,068.  The declared emergency was set to expire 24 months after the date of proclamation.  *Id.*  On June 6, 2024, the declared emergency expired, at which time

---

[2] Section 318 of the Tariff Act of 1930 provides that:

> Whenever the President shall by proclamation declare an emergency to exist by reason of a state of war, or otherwise, he may authorize the Secretary of the Treasury to extend during the continuance of such emergency the time herein prescribed for the performance of any act, and may authorize the Secretary of the Treasury to permit, under such regulations as the Secretary of the Treasury may prescribe, *the importation free of duty of food, clothing, and medical, surgical, and other supplies for use in emergency relief work*.  The Secretary of the Treasury shall report to the Congress any action taken under the provisions of this section.

19 U.S.C. § 1318(a) (emphasis supplied).

[3] President Biden declared that an emergency existed due to the threat that there would be insufficient electricity generation capacity available to meet expected demand. Proclamation No. 10414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067, 35,067-69 (June 9, 2022).  The proclamation identified multiple factors — including Russia's invasion of Ukraine and extreme weather events exacerbated by climate change — that contributed to the declaration of a state of emergency concerning access to electricity and energy.  *Id*.  Plaintiffs do not challenge Proclamation 10414 itself and plaintiffs' complaint "assumes *arguendo* that Proclamation 10414 constitutes the declaration of an emergency pursuant to . . . 19 U.S.C. § 1318(a)."  Pls. Mot. for J. on the Agency R. ("Pls. Br.") at 5 n.2, ECF No. 93; *see also* Compl. ¶ 51 n.5, ECF No. 2.

relevant imports of CSPV cells and modules once again became subject to antidumping
and countervailing duties.  *See* 19 C.F.R. §§ 362.102, 362.103(a).

On September 16, 2022, Commerce promulgated the final Duty Suspension Rule
pursuant to Proclamation 10414.  Duty Suspension Rule, 87 Fed. Reg. at 56,868.  The
Duty Suspension Rule, which became effective on November 15, 2022, provides the
procedures governing the suspension of liquidation and collection of estimated duties in
accordance with Proclamation 10414:

> Commerce shall instruct U.S. Customs and Border Protection ["Customs"]
> to discontinue the suspension of liquidation and collection of cash deposits
> for any [Southeast Asian]-Completed Cells and Modules that were
> suspended, in connection with initiation of the circumvention inquiries,
> pursuant to § 351.226(l)(1).  If, at the time Commerce issues instructions to
> [Customs], the entries are suspended only for purposes of the
> circumvention inquiries, Commerce will direct [Customs] to liquidate those
> entries without regard to AD/CVD duties and refund those cash deposits
> collected pursuant to the circumvention inquiries . . . . If, before the
> [expiration of the emergency], Commerce issues an affirmative final
> determination in a circumvention inquiry covering [Southeast Asian]-
> Completed Cells and Modules, Commerce will not, at that time, direct
> [Customs] to suspend liquidation and collect cash deposits of estimated
> AD/CVD duties for entries of that merchandise entered, or withdrawn from
> warehouse, for consumption before, on, or after the date of initiation of that
> circumvention inquiry and that are to be utilized in the United States by the
> Utilization Expiration Date . . . .

*Id.* at 56,869-70.

As noted above, Commerce did issue an affirmative final circumvention
determination prior to the expiration of the emergency.  *See* Final Determination, 88
Fed. Reg. at 57,419.  Pursuant to the Duty Suspension Rule, Commerce determined
that it would "not direct [Customs] to suspend liquidation, and require cash deposits, of

PUBLIC VERSION

estimated ADs and CVDs based on these affirmative determinations of circumvention

on any 'Applicable Entries.'"[4]  *Id.* at 57,421.

## II.   Procedural History

On December 29, 2023, plaintiffs filed their public complaint contesting

Commerce's final Duty Suspension Rule.  *See* Compl., ECF No. 2.  On January 17,

2024, plaintiffs filed both their confidential complaint and their motion for preliminary

injunction.  Conf. Compl., ECF No. 14; Pls. Mot. for Prelim. Inj., ECF No. 15.  On

January 22, 2024, defendants filed their motion to dismiss the case for lack of

jurisdiction.  *See* Defs. Mot. to Dismiss, ECF No. 16.

On May 9, 2024, the court: (1) denied defendants' motion to dismiss and

determined that exercise of jurisdiction is appropriate under the Court's residual

jurisdiction statute, 28 U.S.C. § 1581(i); (2) granted the motions to intervene of nine

defendant-intervenors;[5] and (3) granted defendant-intervenors' consent motion for a

---

[4] "Applicable Entries" are defined in the Duty Suspension Rule as "entries of Southeast
Asian-Completed Cells and Modules that are entered into the United States, or
withdrawn from warehouse, for consumption before the Date of Termination and, for
entries that enter after November 15, 2022, are used in the United States by the
Utilization Expiration Date."  19 C.F.R. § 362.102 (2022).  The "Utilization Expiration
Date" is defined as "the date 180 days after the Date of Termination" on "June 6, 2024,
or the date the emergency described in Presidential Proclamation 10414 has been
terminated, whichever occurs first."  *Id*.

[5] These nine defendant-intervenors are: (1) American Clean Power Association ("ACP");
(2) Canadian Solar (USA) Inc. and Canadian Solar International Limited (collectively,
"Canadian Solar"); (3) Solar Energy Industries Association ("SEIA"); (4) JA Solar USA,
Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd. and JA Solar
International Limited (collectively, "JA Solar"); (5) NextEra Energy, Inc. ("NextEra"); (6)
BYD (H.K.) Co., Ltd. and BYD America LLC (collectively, "BYD"); (7) Invenergy
Renewables LLC. and Invenergy Solar Equipment Management LLC (collectively,
"Invenergy"); (8) Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Science and Technology
Co., Ltd., Trina Solar Energy Development Company Limited and Trina Solar Science &

**PUBLIC VERSION**

Court No. 23-00274                                                                                  Page 8

supplemental protective order governing those parties' information.  *Auxin Solar, Inc. v.
United States* ("*Auxin Solar I*")*,* 48 CIT __, 698 F. Supp. 3d 1353, 1364 (2024).  The
court granted also, in lieu of a preliminary injunction, the parties' Joint Stipulation that
the court has the authority to "order reliquidation and direct the United States to
reliquidate entries 'for which liquidation was not suspended and cash deposits were not
collected pursuant to'" the Duty Suspension Rule.  *Id.* at 1364, 1371-72 (quoting Joint
Stipulation ¶ 1, ECF No. 19).

On June 11, 2024, the court granted the motions to intervene of two further
defendant-intervenors.[6]  Order Granting Def.-Intervenor Mot. to Intervene ("DI Order I"),
ECF No. 90; Order Granting Def.-Intervenor Mot. to -Intervene ("D-I Order II"), ECF No.
91.

On July 22, 2024, plaintiffs filed their Rule 56.1 Motion for Judgment on the
Agency Record requesting the court: (1) hold the Duty Suspension Rule arbitrary,
capricious, an abuse of discretion, unlawful *ab initio*, and/or otherwise contrary to the
standards set forth in 5 U.S.C. § 706(2); (2) order vacatur of the Duty Suspension Rule;
and (3) order defendants to identify all relevant duty-free entries under the Duty

---

Technology (Thailand) Ltd. (collectively, "Trina Solar"); and (9) Risen Solar Technology
Sdn. Bhd ("Risen Solar").  *Auxin Solar, Inc. v. United States* ("*Auxin Solar I*")*,* 48 CIT __,
698 F. Supp. 3d 1353, 1360 n.1 (2024).

[6] Subsequently approved defendant-intervenors are: (10) Boviet Solar Technology Sdn.
Bhd. and Boviet Solar USA., Ltd. (collectively, "Boviet Solar"); and (11) Jinko Solar
(U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko
Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd.,
Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar
Technology Limited), and Jinkosolar (Vietnam) Industries Company Limited (collectively,
"Jinko Solar").  Order Granting Def.-Intervenor. Mot. to Intervene ("DI Order I"), ECF No.
90; Order Granting Def.-Intervenor. Mot. to Intervene ("DI Order II"), ECF No. 91.

Suspension Rule and reliquidate and collect any uncollected antidumping and countervailing duties.  Pls. Mot. for J. on the Agency R. ("Pls. Br.") at 2-3, ECF No. 93.

On October 29, 2024, defendants filed their response.  Defs. Resp. to Pls. Mot. for J. on the Agency R. ("Defs. Br."), ECF No. 95.  On November 19, 2024, defendant-intervenors filed their response in support of defendants.  Def.-Intervenors Resp. to Pls. Mot. for J. on the Agency R. ("D-I Br."), ECF No. 96.  On December 19, 2024, plaintiffs filed their reply to defendants' and defendant-intervenors' responses.  Pls. Rep. Supp. Mot. for J. on the Agency R. ("Pls. Rep. Br."), ECF No. 100.

On June 26, 2025, the court held oral argument.  *See* Oral Arg. Tr., ECF No. 114.

### JURISDICTION AND STANDARD OF REVIEW

Whether a court has subject matter jurisdiction to hear an action is a "threshold" inquiry.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  The Court has subject matter jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1581(i)(1)(D). *See Auxin Solar I*, 48 CIT at __, 698 F. Supp. 3d at 1371 ("[T]he instant action . . . falls within the residual jurisdiction of the Court . . . because it pertains to the 'administration and enforcement' of Commerce's circumvention findings.").  Pursuant to 28 U.S.C. § 2640(e),[7] the court reviews the present matter under the Administrative Procedure Act ("APA"), codified at 5 U.S.C. § 706.  The APA provides in relevant part that "the reviewing court shall decide all relevant questions of law [and] interpret constitutional and statutory provisions."  5 U.S.C. § 706.

---

[7] 28 U.S.C. § 2640(e) reads: "In any civil action not specified in this section, the Court of International Trade shall review the matter as provided in [the Administrative Procedure Act]."

**PUBLIC VERSION**

In agency cases, courts will analyze the meaning of statutes using "the traditional tools of statutory construction*." Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 403 (2024).  Because agencies have "no special competence in resolving statutory ambiguities," *id.* at 400–01, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Id.* at 412.  It is "the proper and peculiar province of the courts" to determine independently the best reading of a statute. *Id.* at 385 (quoting The Federalist No. 78, at 525) (Alexander Hamilton) (Jacob Cooke ed., 1961)).

## DISCUSSION

### I.      Whether the Duty Suspension Rule Violates 19 U.S.C. § 1318(a)

The court addresses plaintiffs' challenge to the lawfulness of Commerce's Duty Suspension Rule.  Plaintiffs argue that the Duty Suspension Rule violates 19 U.S.C. § 1318(a) in three ways: (1) CSPV cells and modules are not encompassed within the types of goods eligible for duty-free treatment under section 1318(a); (2) Commerce exceeded its authority by extending duty-free treatment to goods imported prior to the declaration of emergency; and (3) Commerce exceeded its authority by granting duty-free treatment to goods based on certifications that the goods would be used within 180 days after the termination of the emergency. *See* Pls. Br. at 8-14.

The court addresses each of these issues in turn.

### A.      Whether § 1318(a) Authorizes the Duty-Free Importation of CSPV Cells and Modules

The court addresses first whether 19 U.S.C. § 1318(a) authorizes the duty-free importation of CSPV cells and modules.  For the reasons discussed below, the court

**PUBLIC VERSION**

concludes that § 1318(a) does not authorize the duty-free importation of CSPV cells and modules.

Section 1318(a), enacted as part of the Tariff Act of 1930, is found at Subtitle II ("Special Provisions"), Part I ("Miscellaneous"), and is titled "Emergencies."  Section 1318(a) provides that "[w]henever the President shall by proclamation declare an emergency to exist . . . he may authorize the Secretary . . . to permit, under such regulations as the Secretary . . . may prescribe, the importation free of duty of food, clothing, and medical, surgical, and other supplies for use in emergency relief work."

Plaintiffs argue that the plain meaning of § 1318(a) "circumscribes duty-free treatment in two ways": (1) "only the five named types of goods ('food, clothing, and medical, surgical, and other supplies') are eligible for duty-free treatment"; and (2) "goods of an eligible type may only be afforded duty-free treatment if 'use[d] in emergency relief work.'"  Pls. Br. at 18.

As to the first point, plaintiffs contend that "the categories of goods expressly named . . . , in their ordinary, contemporaneous meanings, do not encompass CSPV cells and modules."  *Id.* at 19.  Plaintiffs argue further that the final statutory category, "other supplies," "must resemble medical supplies and surgical supplies and does not encompass CSPV cells and modules."  *Id.* at 21.

As to the second point, plaintiffs assert that the ending clause, "for use in emergency relief work," "is a limitation, not an independent grant of authority[,] . . . [and] cannot reasonably be construed as encompassing any good, whatever the type, capable of relieving a Presidentially declared emergency."  *Id.* at 25.

**PUBLIC VERSION**

Defendants argue in response that the plain meaning of "other supplies" in § 1318(a) "encompasses any materials dispensed to fill a *need* that are different from the 'medical' . . . and 'surgical' supplies already mentioned."  Defs. Br. at 15.  Defendants assert therefore that "other supplies" is a "general, catchall term, that provides the President (and Commerce) with flexibility" to define the term depending on the particular needs of a specific declared emergency.  *Id.*  Additionally, defendants read together as a single clause "other supplies for use in emergency relief work" to claim that § 1318(a) permits duty-free treatment for "any supplies . . . that are needed for work to relieve a particular emergency declared by the President."  *Id.*

The court notes that this appears to be an issue of first impression and that there is no prior judicial interpretation of § 1318(a) on which to rely.  Therefore, the court will apply the traditional tools of statutory construction "at [its] disposal to determine the best reading of the statute and resolve" any ambiguity.  *Loper Bright*, 603 U.S. at 400, 401 ("The very point of the traditional tools of statutory construction — the tools courts use every day — is to resolve statutory ambiguities.").

### 1.    Whether the Ordinary Meaning of § 1318(a) Permits Duty-Free Treatment of CSPV Cells and Modules

The Supreme Court has, on numerous occasions, explained that the job of the courts in interpreting a statutory term is to determine the "ordinary public meaning" of the term "at the time of its enactment."  *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 654 (2020); *see also Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").  Here, none of the relevant statutory terms of § 1318(a) are defined.  Therefore, the court will begin

**PUBLIC VERSION**

by ascertaining the ordinary and contemporary meaning of "food, clothing, and medical,

surgical, and other supplies for use in emergency relief work."  19 U.S.C. § 1318(a).

The Supreme Court has held that "the plain meaning of a statute is to be

ascertained using standard dictionaries in effect at the time of the statute's enactment."

*Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1353 (Fed. Cir. 2005) (citing *Lamar v. United

States*, 241 U.S. 103, 113 (1916)) (ascertaining the meaning of "responsible" using

*Webster's Third New International Dictionary of the English Language*).  The parties

agree that *Webster's New International Dictionary Unabridged,* Second Edition (1934)

("*Webster's*"), provides definitions that reflect the ordinary and contemporary meaning of

terms as understood when Congress enacted § 1318(a) in 1930.  *See* Pls. Br. at 20;

Defs. Br. at 15 n.7.  Further, the Supreme Court in 1947 endorsed *Webster's* as one of

the "principal standard dictionaries."  *Crane v. Comm'r.*, 331 U.S. 1, 6, 6 n.14 (1947)

(ascertaining the meaning of "property" in the Revenue Act of 1938).

As an initial matter, defendants concede that the ordinary and contemporary

meanings of "food" and "clothing" do not encompass CSPV cells and modules.  Defs.

Br. at 14.  Additionally, defendants do not argue that CSPV cells and modules fall within

the ordinary and contemporary meaning of "medical [or] surgical . . . supplies."[8]  *See id.*

at 14-15.  Rather, defendants assert that the ordinary meaning of "other supplies" in §

1318(a) "encompasses any materials dispensed to fill a *need* that are different from the

'medical' . . . and 'surgical' supplies already mentioned."  *Id.* at 15.

---

[8] *Webster's* defines "medical" as "[o]f, pert. to, or dealing with, the healing art, or the
science of medicine, esp. in the narrower sense; as, the *medical* profession; *medical*
services."  *Webster's* at 1527.  *Webster's* defines "surgical" as "[o]f or pertaining to
surgeons or surgery; done by, or used in surgery."  *Id.* at 2538.

**PUBLIC VERSION**

*Webster's* contains several possible definitions of "other."  As an adjective, which is how it functions in the term "other supplies," "other" has two primary definitions: (1) "[b]eing the one of two (or more) distinct from the one already mentioned or understood"; or (2) "[a]dditional; as without *other* resources; in any *other* place . . . . Not the same; different; as, in *other* circumstances; *other* than what he is."  *Webster's* at 1729.

Similarly, *Webster's* provides several possible definitions of "supply."  As a plural noun, which is how it is found in the term "other supplies," "supply" is defined as "[p]rovisions, clothing, arms, raw materials, etc., set aside to be dispensed at need; stores; as, to lay in *supplies* for the winter; in charge of *supplies* in a factory."  *Id.* at 2534.

Therefore, by combining the definitions of "other" and "supply," the court derives the ordinary meaning of the term "other supplies" as follows: provisions or materials dispensed to fill a need, which are distinct from, or additional to, the "medical" or "surgical" supplies already mentioned.  This meaning of "other supplies" is, on its face, a very broad one that appears to encompass CSPV cells and modules, as CSPV cells and modules are materials that may be dispensed to fill a need, i.e., energy demand, and are plainly distinct from "medical" or "surgical" supplies.  *See* Proclamation No. 10414, 87 Fed. Reg. at 35,067-68.

However, the Supreme Court has held also that the interpretation of a statutory term "does not turn solely on dictionary definitions of its component words."  *Yates v. United States*, 574 U.S. 528, 537 (2015).  Rather, the meaning of statutory language is "determined not only by reference to the language itself, but as well by the specific

**PUBLIC VERSION**

context in which that language is used, and the broader context of the statute as a

whole." *Id.* (citation modified) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341

(1997)). "Ordinarily, a word's usage accords with its dictionary definition," but

sometimes "the same words, placed in different contexts . . . mean different things." *Id.*;

*see also Comm'r. v. National Carbide Corp.*, 167 F.2d 304, 306 (2d Cir. 1948) ("[W]ords

are chameleons, which reflect the color of their environment . . . .").[9]

In *Yates*, the Supreme Court was tasked with ascertaining the meaning of the

term "tangible object" as it appears in § 1519 of the Sarbanes-Oxley Act of 2002. *Yates*,

574 U.S. at 532. The Supreme Court, citing *Webster's Third New International*

*Dictionary*, acknowledged that the ordinary meaning of "an 'object' that is 'tangible,' as

stated in dictionary definitions, is 'a discrete . . . thing.'" *Id.* at 537. The Court noted

also that dictionary definitions of the words "tangible" and "object" suggested a broad

reading of "tangible object" that included any physical evidence, including "fish from the

sea";[10] however, the Court determined that those definitions were not dispositive. *Id.* at

---

[9] In *National Carbide Corp.*, the Second Circuit considered the meaning of "corporation"
within the Revenue Act of 1934 in a case concerning whether "a wholly owned
subsidiary of a parent corporation shall be treated for purposes of income taxation as a
separate taxable person." *Comm'r. v. National Carbide Corp.*, 167 F.2d 304, 305 (2d
Cir. 1948). The Second Circuit noted that although such subsidiaries "might be in some
contests a 'corporation,' . . . in a tax statute 'corporation' could not have been so
intended." *Id.* at 306. Therefore, the Second Circuit held that "corporation," as
"Congress must be understood to have used it," could not mean "a jural person created
. . . to serve merely as an escape from taxation." *Id.*

[10] The factual background of *Yates* involved a commercial fishing boat captain throwing
undersized red grouper overboard in an attempt to conceal the illegally caught fish from
a federal agent during an offshore inspection. *Id.* at 531. The captain was then charged
with, and convicted of, violating § 1519, which provides for fines or imprisonment for
"[w]hoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes
a false entry in any record, document, or tangible object." *Id.* The captain challenged

**PUBLIC VERSION**

537-38.  Rather, the Supreme Court applied several "[f]amiliar interpretive guides" to aid

its construction of "tangible object," concluding that the context of § 1519 resisted the

more expansive reading of the term proffered by defendants in that case.  *Id.* at 539,

549.

Likewise, in this case, the context of § 1318(a) "tugs strongly in favor of a

narrower reading" of "other supplies."  *Id.* at 539.  The words immediately preceding

"other supplies" in § 1318(a) — "food, clothing, and medical, surgical, and" — "cabin the

contextual meaning of that term."  *Id.* at 543.  The principle of *noscitur a sociis*, which

states that "a word is known by the company it keeps," instructs the court to "avoid

ascribing to one word a meaning so broad that it is inconsistent with its accompanying

words.  *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995);[11] *see also Jarecki v. G.D.*

*Searle & Co.*, 367 U.S. 303, 307 (1961) ("The maxim *noscitur a sociis* . . . is often wisely

applied where a word is capable of many meanings in order to avoid the giving of

unintended breadth to the Acts of Congress.") (emphasis supplied).

*Noscitur a sociis* operates in conjunction with the closely related canon of

*ejusdem generis*, which counsels that "where general words follow specific words in a

statutory enumeration, the general words are construed to embrace only objects similar

---

his conviction, arguing that § 1519's reference to "tangible object" encompasses
"objects used to preserve [information]," such as "computers," not fish."  *Id.* at 536.

[11] In *Gustafson*, the Supreme Court interpreted the word "communication" in section
2(10) of the Securities Act of 1933 to refer to a public communication, rather than any
communication, because "communication" appeared in a list with other words, namely
"prospectus, notice, circular, advertisement [or] letter."  *Gustafson v. Alloyd Co.*, 513
U.S. 561, 575 (1995).  The Court held that from those other words, it was "apparent that
the list refer[red] to documents of wide dissemination," even though the list began with
the word "any."  *Id.*

in nature to those objects enumerated by the preceding specific words." *Wash. St.*

*Dept. of Social and Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 384

(2003) (citation modified) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-

15 (2001)).

      The statutory interpretation question before this court has many parallels with the

statutory interpretation question in *Yates*.  As in *Yates*, the court is tasked with

ascertaining the meaning of a statutory term that: (1) consists of broad component

words that suggest a general, catchall meaning; and (2) is found at the end of a list of

more specific enumerated terms that cabin its otherwise broad meaning through the

application of long-recognized canons of construction.

      In *Yates*, the Supreme Court noted that "tangible object" appears last in a list of

terms that begins with "any record [or] document."  *Yates*, 574 U.S. at 544.  Therefore,

the Supreme Court, applying *noscitur a sociis*, concluded that the term was

"appropriately read to refer, not to any tangible object, but specifically to the subset of

tangible objects involving records and documents, *i.e.*, objects used to record or

preserve information."  *Id.*  Additionally, the Supreme Court narrowed the meaning of

"tangible object" in accordance with the list of actions proscribed by § 1519, namely

"*falsif[ying]*, or *mak[ing] a false entry* in any record, document, or tangible object."  *Id.*

The Court explained that those actions "typically take as grammatical objects records,

documents, or things used to record or preserve information, such as logbooks or hard

drives."  *Id.*  Last, the *Yates* Court applied *ejusdem generis*, reasoning that "[h]ad

Congress intended 'tangible object' . . . to be interpreted so generically as to capture

physical objects as dissimilar as documents and fish, Congress would have had no

**PUBLIC VERSION**

reason to refer specifically to 'record' or 'document.'" *Id.* at 546. The Court added that

an "unbounded reading of 'tangible object' would render [record or document]

misleading surplusage." *Id.*

Here, the application of *noscitur a sociis* and *ejusdem generis* to § 1318(a)

likewise points to a reading of "other supplies" that is narrower than "provisions or

materials dispensed to fill a need, which are distinct from, or additional to, 'medical' or

'surgical' supplies." It is true that "other supplies" does contemplate emergency supplies

that are distinct from, or additional to, "medical" or "surgical" supplies. However, the

most natural reading of "other supplies" is not "the entire universe of supplies other than

'medical' or 'surgical' supplies." Such a reading would be inconsistent with the

enumeration of the preceding specific words and would render Congress' choice of

those specific words "misleading surplusage." *Id.* Instead, *noscitur a sociis* and

*ejusdem generis* suggest that "other supplies" encompasses those supplies that are

similar in nature to, or share common attributes with, "medical" or "surgical" supplies.

*See Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 458 (2022) (applying *ejusdem generis* to

"interpret a general or collective term at the end of a list of specific items in light of any

common attributes shared by the specific items.") (citation modified).

In considering the contemporary definitions of "medical" and "surgical," *see supra*

note 8, "other supplies" is most naturally read to encompass items for use in healthcare-

related applications that are not for medical or surgical purposes. It is not difficult to

think of any number of items that might potentially fall under this meaning of "other

supplies," e.g., pharmaceuticals, physical therapy equipment, nursing supplies or

hospital beds. CSPV cells and modules do not share common attributes with "medical"

or "surgical" supplies and are plainly not for use in healthcare-related applications.

Therefore, the court concludes that the plain meaning of the statute, including the term

"other supplies" in § 1318(a), does not encompass CSPV cells and modules.

 In addition, another relatively recent doctrine, the "elephants in mouseholes"

principle, lends further support to a reading of "other supplies" narrower than that

proffered by defendants.  *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468

(2001) ("Congress . . . does not alter the fundamental details of a regulatory scheme in

vague terms or ancillary provisions — it does not . . . hide elephants in mouseholes.").

The *Yates* Court invoked this principle in concluding that it was "highly improbable that

Congress would have buried a general spoliation statute covering objects of any and

every kind in a provision targeting fraud in financial recordkeeping."  574 U.S. at 546.

 Finally, the Tariff Act of 1930 (the "Tariff Act") is a lengthy and detailed law,

consisting of nearly 200 pages of specific duty rates on thousands of enumerated

goods.  *See* Pub. L. No. 71-361, 46 Stat. 590.  Included amongst these enumerated

duty rates is a 35 percent ad valorem rate for "[a]ll articles suitable for producing . . .

electrical energy."  *Id*. at § 1(353), 46 Stat. at 618.  Section 1318(a) can be found in the

"Miscellaneous" subpart in the subtitle "Special Provisions" — a single paragraph

sandwiched between a provision for duty-free exportation of tobacco products and a

provision empowering the Legislature of Puerto Rico to impose duties upon coffee

imported into Puerto Rico.  *See id.* at § 318, 46 Stat. at 696.  Defendants' virtually

unbounded reading of "other supplies" in § 1318(a), which would permit potentially the

entirety of Congress' lengthy and intricate tariff scheme to be nullified by the declaration

**PUBLIC VERSION**

of a presidential emergency, would appear inconsistent as well with the provision's

context in the Tariff Act.

Therefore, the court will not adopt a reading of "other supplies" that runs contrary

to the "elephants in mouseholes" canon as well as *noscitur a sociis* and *ejusdem*

*generis*.

### 2.    Consideration of Legislative History and Historical Use of § 1318(a)

In addition to the traditional textual tools of statutory interpretation, courts may

also consider contemporaneous legislative history and executive branch practice as

aids in the construction of ambiguous statutory provisions.  *See, e.g., Edwards' Lessee*

*v. Darby*, 25 U.S. 206, 210 (1827) ("In the construction of a doubtful and ambiguous law,

the co[n]temporaneous construction of those who were called upon to act under the law,

and were appointed to carry its provisions into effect, is entitled to very great respect.").

Parties in fact rely on tools of contemporaneous legislative history in their submissions.

However, as explained above, the best meaning of "other supplies" in § 1318(a)

is neither "doubtful" nor "ambiguous" when analyzed using the traditional textual tools of

statutory interpretation.  The Supreme Court has emphasized repeatedly that a court's

interpretive inquiry is required to "begin and end . . . with the text."  *See, e.g., Star*

*Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 414 (2017).  Further, the

Supreme Court has stressed that clear statutory language and a court's construction of

that language's meaning are to control over potentially contrary legislative history and

executive branch practice.  *See Milner v. Dep't of Navy*, 562 U.S. 562, 574 (2011)

("Legislative history . . . is meant to clear up ambiguity, not create it . . . . When

presented, on the one hand, with clear statutory language and, on the other, with

**PUBLIC VERSION**

dueling committee reports, we must choose the language.");[12] *see also S.E.C. v. Sloan*, 436 U.S. 103, 118 (1978) ("[T]he existence of a prior administrative practice, even a well-explained one, [does not] relieve us of our responsibility to determine whether that practice is consistent with the agency's statutory authority.").

Here, the court finds itself in a simpler position. Even were the court to have to take into account legislative history and past executive branch use of § 1318(a), which the parties have put at issue, neither can be described as contrary to the court's analysis of the statute's text and structure.

To start, the legislative history of § 1318(a) is limited. The Senate Finance Committee report is devoid of any mention of § 318 or any similar emergency duty suspension provision. *See* S. Rep. No. 71-37, at 61-62 (1929) (discussing sections of H.R. 2667 in numerical order, jumping from § 313 to § 320 with no discussion of § 318). The House Ways & Means Committee comparative print of H.R. 2667 and the Tariff Act of 1922 notes only that § 622 of the 1922 Act was "broadened to permit the free importation of food, clothing and supplies for use in relief work in connection with [a presidentially declared] emergency" and that this change was embodied as § 318. *See* H.R. Doc. No. 71-15 at 334 (1929). In sum, this minimal legislative history does not provide a basis for overcoming the clear statutory language in § 1318(a).

---

[12] The Federal Circuit embodied this approach in a recent case concerning whether delinquency interest is excluded from distributions under the Continued Dumping and Subsidy Offset Act ("CDSOA"). *See Adee Honey Farms v. United States*, 107 F.4th 1322, 1334 (Fed. Cir. 2024) ("Because the [statutory] text yields a clear answer, we need not consider legislative history."). Nevertheless, the Federal Circuit went on to explain how, even if legislative history were considered, it did not contradict the Court's interpretation based on the statutory text and structure. *Id.*

**PUBLIC VERSION**

Turning to executive branch practice, § 1318(a) has been invoked six prior times, all between 1930 and 1946. President Roosevelt invoked § 1318(a) five times between 1934 and 1942. *See* (1) Proclamation No. 2093, *Emergency Due to Drought–Free Importation of Feed for Livestock*, 49 Stat. 3,404 (Aug. 10, 1934); (2) Proclamation No. 2223, *Emergency Due to Flood Conditions—Free Importation of Food, Clothing, and Medical, Surgical, and Other Supplies for Use in Emergency Relief Work*, 2 Fed. Reg. 273 (Feb. 3, 1937); (3) Proclamation No. 2498, *Emergency Due to Drought–Free Importation of Forage for Livestock*, 6 Fed. Reg. 3,715 (July 29, 1941); (4) Proclamation No. 2545, *Free Importation of Jerked Beef,* 7 Fed. Reg. 2,611 (Apr. 7, 1942); and (5) Proclamation No. 2553, *Emergency Due to State of War—Free Importation by the American National Red Cross of Food, Clothing, and Medical, Surgical, and Other Supplies*, 7 Fed. Reg. 3,143 (Apr. 30, 1942). As their titles reflect, the Roosevelt proclamations limited duty-free treatment to goods that comport with the clear meaning of the statutory text. Three proclamations were limited to specific categories of foodstuffs for human or animal consumption, i.e. "forage" or "feed" for livestock, and "jerked beef." *See* Proclamation No. 2093, 49 Stat. at 3,404; Proclamation No. 2498, 6 Fed. Reg. at 3,715; Proclamation No. 2545, 7 Fed. Reg. at 2,611. The two other Roosevelt proclamations employ the statutory language itself in cabining their application and, from context, contemplate goods for disaster relief. *See* Proclamation No. 2223, 2 Fed. Reg. at 273 (citing "flood conditions" as the emergency); Proclamation No. 2553, 7 Fed. Reg. at 3,143 (providing for free importation "by the American National Red Cross" issued less than five months after the attack by the Empire of Japan on the

United States Naval Station Pearl Harbor). Nothing in the Roosevelt proclamations provides a basis for overcoming the clear statutory language in § 1318(a).

In 1946, President Truman invoked § 1318(a) for the sixth and final time before the instant proclamation. *See* Proclamation No. 2708, *Emergency Due to Housing Shortage—Free Importation of Timber, Lumber, and Lumber Products* ("Proclamation 2708"), 11 Fed. Reg. 12,695 (Oct. 29, 1946) (granting duty-free treatment to lumber products used in housing construction). Defendants cite Proclamation 2708 as evidence that "other supplies" in § 1318(a) can encompass supplies such as lumber unrelated to healthcare applications. Defs. Br. at 24-25.

Proclamation 2708 differed from the Roosevelt proclamations in that it referenced an additional statute, the Veterans' Emergency Housing Act of 1946 ("VEHA"),[13] to support the proclamation's grant of duty-free treatment to imported lumber. Proclamation No. 2708, 11 Fed. Reg. at 12,695. President Truman linked Proclamation 2708 to the VEHA in two ways: (1) the duty-free treatment was set to expire automatically no later than the expiration date of the VEHA; and (2) the proclamation empowered the VEHA's Housing Expediter to "designate[] and certif[y]" the goods eligible for duty-free treatment. *Id.* The proclamation's invocation of and reliance on the

---

[13] The Veterans' Emergency Housing Act of 1946 ("VEHA"), Pub. L. 79-388, 60 Stat. 207, was an Act to "expedite the availability of housing for veterans of World War II by expediting the production and allocation of materials for housing purposes." The VEHA cited "an unprecedented emergency shortage of housing, particularly for veterans of World War II and their families . . . [requiring] a program . . . to overcome the serious shortages and bottlenecks with respect to building materials." *Id.* To do so, the VEHA created an office of the Housing Expediter to "formulate such plans and programs as are necessary to provide for an increased supply of housing . . . [and] issue such orders, regulations, or directives to other executive agencies . . . consistent with the execution of the aforesaid plans and programs." *Id.* at 208.

**PUBLIC VERSION**

authority granted by the VEHA, as well as the proclamation's sunset provision tied to

the expiration date of the VEHA distinguish this use of § 1318(a) from the instant case,

notwithstanding the inclusion by Proclamation 2708 of goods arguably not

encompassed by § 1318(a).  At a minimum, Proclamation 2708's unique entwining with

the VEHA is sufficient for the court to conclude that Proclamation 2708 does not provide

a sufficient basis for overcoming the court's textual analysis.

In sum, in response to the arguments of the parties, neither the legislative history

nor historical use of § 1318(a) is contrary to the plain meaning of the statute.  The court

concludes that § 1318(a) does not authorize the duty-free importation of CSPV cells and

modules and that the Duty Suspension Rule is ultra vires.

### B.    Whether § 1318(a) Authorizes Commerce to Waive Duties for Entries Made Prior to the Emergency Declaration

The court turns next to whether the Duty Suspension Rule violates § 1318(a) by

granting duty-free treatment to CSPV cells and modules that entered the United States

prior to the signing of Proclamation 10414.  The Duty Suspension Rule states that

"duties will not be collected on entries of . . . Cells and Modules that entered the United

States both before and after the signing of the Proclamation."  87 Fed. Reg. at 56,870.

Commerce noted that while Proclamation 10414 specified an end-date for duty-free

treatment (June 6, 2024), it did not specify a start date.  *Id.* at 56,878 n.65.  Commerce

therefore found it "appropriate, as well as consistent with the usual operation of our

circumvention proceedings, to treat the goods in a uniform fashion until" the end of the

declared emergency.  *Id.*

Plaintiffs argue that the "plain text of [§] 1318(a) contemplates duty-free

'importation' after an emergency has been declared, not duty-free treatment for any

Court No. 23-00274                                                           Page 25

eligible good liquidated after the start of an emergency, whenever imported." Pls. Br. at

32. Defendants argue that § 1318(a) "does not provide for when a given import may be

deemed 'free of duty,'" and instead "delegates this authority" to Commerce. Defs. Br. at

28-29.

   The question of whether § 1318(a) allows for duty-free treatment of unliquidated

goods that entered the country prior to the declaration of emergency is rendered moot

by the court's conclusion in Part I.A of this opinion. Therefore, the court declines to

reach the merits of this question. *See NASA v. Nelson*, 562 U.S. 134, 147 n.10 (2011)

(holding that certain questions on a drug-use questionnaire did not violate the right to

informational privacy without providing "a definitive answer to the question [of] whether

there is a constitutional right to informational privacy").[14]

   In sum, the court will "decide the case before [it] and leave broader issues for

another day." *Id.*

   **C.    Whether § 1318(a) Authorizes Commerce's Utilization Requirement**

   The court turns next to whether Commerce violated § 1318(a) by providing duty-

free treatment to CSPV cells and modules under the condition that they be utilized

within 180 days of the expiration of the declared emergency (the "Utilization

Requirement"). The Duty Suspension Rule imposed as a requirement for duty-free

treatment that imported CSPV cells and modules be "utilized in the United States by the

---

[14] The Chief Justice of the Supreme Court has also endorsed a minimalist approach to
deciding cases. *See* The Associated Press, *Chief Justice Says His Goal Is More
Consensus on Court*, N.Y. Times (May 22, 2006)
https://www.nytimes.com/2006/05/22/washington/22justice.html ("'If it is not necessary
to decide more to a case, then in my view it is necessary not to decide more to a case,'
Chief Justice Roberts said.").

Utilization Expiration Date, which is 180 days after" the expiration of the declared emergency. 87 Fed. Reg. at 56,869. The Rule defined "utilization" and "utilized" to mean that the cells and modules "will be used or installed in the United States." *Id.*

Plaintiffs argue that the Utilization Requirement violates § 1318(a)'s limitation of duty-free importation to products "for use in emergency relief work" in three ways: (1) by "permit[ting] products granted duty-free treatment to be utilized after the conclusion of the purported emergency"; (2) by "unreasonably defin[ing] 'utilization' in emergency relief work in terms that afford no actual relief of the emergency" declared in Proclamation 10414; and (3) by using "unreasonable means of ensuring that duty-free products are used in emergency relief," namely the "preclusion of suspension of liquidation and [an] *ex ante* 'certification' regime." Pls. Br. at 36-37.

Defendants argue that Commerce reasonably imposed the Utilization Requirement to discourage stockpiling of merchandise and that nothing in § 1318(a) limits the utilization of duty-free emergency supplies to the duration of the emergency. Defs. Br. at 32-37.

For the same reasons as stated above, the question of whether § 1318(a) authorizes Commerce's Utilization Requirement is rendered moot by the court's conclusion in Part I.A of this opinion. Therefore, the court declines to reach the merits of this question as well.

Having concluded that the Duty Suspension Rule is unlawful, the court concludes further that vacatur of the Rule is appropriate. *See, e.g., Andrx Pharms., Inc. v. Biovail Corp.*, 276 F.3d 1368, 1379 (Fed. Cir. 2002) (holding that under the APA a prevailing plaintiff "is entitled to a remedy under the statute, which normally will be a vacatur of the

Court No. 23-00274                                                                                    Page 27

agency's order"); *Invenergy Renewables LLC v. United States*, 45 CIT __, __, 552 F.

Supp. 3d 1382, 1404 (2021) ("[T]he court's conclusion that USTR lacks statutory or

delegated authority to withdraw an exclusion requires vacatur . . . .").

## II.      Whether Plaintiffs Are Entitled to Injunctive Relief

Having concluded that plaintiffs prevail on the merits, the court turns now to

whether plaintiffs are entitled to their requested relief.  In their briefs, plaintiffs request

that the court order "reliquidation of all entries [of CSPV cells and modules] that utilized

the [Duty Suspension Rule] with applicable antidumping and countervailing duties."  Pls.

Br. at 3-4.

As noted above, the parties have already stipulated that the court has authority to

order such reliquidation.[15]  *See* Joint Stipulation; *Auxin Solar I*, 698 F. Supp. 3d at 1364,

1371-72.  However, at oral argument the government stated that it was "not aware of

any entries that were properly liquidated without AD or CVD duties, consistent with the

[Duty Suspension Rule]."  Oral Arg. Tr. at 8:10-12.[16]  The government explained that

---

[15] Independent of the Joint Stipulation, the Federal Circuit has "expressly confirmed the authority of the USCIT to . . . order reliquidation" in APA cases challenging Commerce's liquidation instructions.  *Auxin Solar I*, 698 F. Supp. 3d at 1369 n.14 (citing *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1311-12 (Fed. Cir. 2004) ("The absence of an express reliquidation provision should not be read as a prohibition of such relief when [28 U.S.C. § 2643] provides the Court of International Trade with such broad remedial powers.  Here, the requested [reliquidation] is easily construed as 'any other form of relief that is appropriate in a civil action.'")); *see also AM/NS Calvert LLC v. United States*, 47 CIT at __, 654 F. Supp. 3d 1324, 1343 (2023) ("[In] *all* cases properly brought under [the CIT's] residual jurisdiction, equitable relief, including an injunction requiring reliquidation, is available under the CIT's 'broad remedial powers.'") (quoting *Shinyei*, 355 F.3d at 1312).

[16] At oral argument, the government stated that Customs began with "a total universe of approximately 44,000 entries that were made without AD or CVD cash deposits as potentially subject to the Duty Suspension Rule."  Oral Arg. Tr. at 6:22-25.  Out of those

**PUBLIC VERSION**

Customs, under 19 U.S.C. § 1504(b)(1),[17] has continuously extended the liquidation

period for each of the approximately 20,400 entries at issue and that each of those

entries is "live."[18]  *Id.* at 8:17-25.  Therefore, the government conceded that "the

remedies issue is primarily a question of whether liquidation should be ordered, rather

than reliquidation, because there are no liquidated entries that have coverage under the

[Duty Suspension Rule] that we know of."  *Id.* at 8:12-16.

However, the government acknowledged that due to "ongoing administrative

processes, . . . some . . . entries may flip . . . from one category to another over time."

*Id.* at 83:23-84:1.  Accordingly, the government requested that should the Court order

relief with respect to the unliquidated entries, such relief should "include some additional

provision that if Customs determines any liquidated entries fall within . . . the scope of

relief, . . . [those entries] should be reliquidated."  *Id.* at 83:15-23.

---

entries, the government explained that Customs determined that roughly 24,000 entries
did not "qualify for coverage under the Duty Suspension Rule for one reason or
another."  *Id.* at 7:1-18.  Therefore, the government concluded that there are
approximately 20,400 entries that remain at issue in this case.  *Id.* at 7:18-19.

[17] 19 U.S.C. § 1504(a) provides that an entry of merchandise "shall be deemed
liquidated" if not liquidated by Customs "within 1 year from . . . the date of entry [or
warehouse withdrawal] of such merchandise" unless "extended under subsection (b)."
Section 1504(b) provides that the one-year period available for liquidation may be
extended for up to four years from the date of entry or warehouse withdrawal, i.e.
Customs may grant no more than three one-year extensions beyond the standard one-
year liquidation period.  *See St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763,
767 (Fed. Cir. 1993) (citing 19 C.F.R. § 159.12).

[18] The government explained further that Commerce's ability to continue to extend the
liquidation period would begin to run out starting April 1, 2026, "because the first entry
that would be potentially subject to the [Duty Suspension Rule] started with April 1st of
[2022]."  Oral Arg. Tr. at 9:3-7.

**PUBLIC VERSION**

Therefore, the court will analyze the appropriateness of a mixed remedy consisting of: (1) an order to defendants to liquidate all applicable entries in accordance with Commerce's affirmative circumvention determination; and (2) an order to defendants to reliquidate any entries liquidated under the Duty Suspension Rule that Customs determines to fall within Commerce's affirmative circumvention determination.

A reliquidation order is an injunctive remedy requiring the court to weigh ordinary equitable principles. *See*, *e.g.*, Charles H. Koch, Jr. & Richard Murphy, *Administrative Law & Practice* § 8:31 (3d ed. 2020) ("[I]njunctive relief under the APA is controlled by principles of equity . . . ."); *SSAB North American Div. v. Customs*, 32 CIT 795, 799-803, 571 F. Supp. 2d 1347, 1351-55 (2008) (analyzing the appropriateness of reliquidation by balancing equitable factors); *AM/NS Calvert LLC*, 47 CIT at __, 654 F. Supp. 3d at 1343 (Equitable "relief is subject to ordinary equitable principles, no more and no less."). However, this Court has not engaged in the same equitable factors analysis when ordering liquidation. *See*, *e.g.*, *Timken Co. v. United States*, 18 CIT 1, 6, 852 F. Supp. 1040, 1046 (1994), amended, 18 CIT 164 (1994) (ordering Commerce to "collect the full amount of antidumping duties calculated to be due . . . over all suspended entries of the subject merchandise" without balancing equitable factors); *Cemex, S.A. v. United States*, 27 CIT 1460, 1461 (2003) (ordering that an unliquidated entry be liquidated at the required rate without analyzing equitable principles); *LG Elecs. U.S.A., Inc. v. United States*, 21 CIT 1421, 1424-31, 991 F.Supp. 668, 672-77 (1997) (ordering Customs to liquidate entries without balancing equitable factors).

To buttress the appropriateness of a liquidation order, and because the requested remedy contemplates potential reliquidation, the court will weigh the ordinary equitable

factors here.  For the reasons discussed below, the court concludes that injunctive relief

in the form of liquidation and reliquidation orders is appropriate.

### A.    Legal Framework

"According to well-established principles of equity, a plaintiff seeking [injunctive

relief] must satisfy a four-factor test before a court may grant such relief."  *eBay Inc. v.*

*MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  A plaintiff must demonstrate that: (1)

"it has suffered an irreparable injury"; (2) "remedies available at law, such as monetary

damages, are inadequate to compensate for that injury"; (3) considering the balance of

hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4)

"the public interest would not be disserved by a permanent injunction."  *Id.*

### B.    Analysis

The court will analyze whether plaintiffs have met their burden with respect to

each equitable factor.

#### 1.    Irreparable Injury

An irreparable injury is a "viable threat of serious harm which cannot be undone."

*Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983) (quoting *S. J.*

*Stile Associates Ltd. v. Snyder*, 646 F.2d 522, 525 (C.C.P.A 1981); *see, e.g., In re*

*Section 301 cases*, 45 CIT __, __, 524 F. Supp. 3d 1355, 1362 (2021).  The Federal

Circuit has recognized that domestic producer plaintiffs have a "strong, continuing,

commercial-competitive stake in assuring that . . . competing importers will not escape

the monetary sanctions deliberately imposed by Congress" and that "[d]efeat of that

strong congressionally recognized competitive interest [constitutes] sufficient irreparable

injury." *Zenith Radio Corp.*, 710 F.2d at 810 (reversing the USCIT's denial of a

preliminary injunction).

More recently, this Court has confirmed that domestic producer plaintiffs "derive a

direct competitive benefit from the proper administration and enforcement of the

antidumping laws, and more specifically, the proper assessment of antidumping

duties."[19] *SSAB North American Div.*, 32 CIT at 799, 571 F. Supp. 3d at 1352. Where

domestic producer plaintiffs are denied such benefit, the irreparable harm suffered is

"apparent." *Id.*

Likewise, plaintiffs here have demonstrated that they suffered irreparable

competitive harms resulting from the non-collection of antidumping and countervailing

duties on entries of CSPV cells and modules from the subject countries. Plaintiffs have

proffered evidence demonstrating that the massive influx of duty-free CSPV cells and

modules depressed prices below plaintiffs' raw material costs. *See* Conf. Compl., Ex. 6

("Rashid Decl.")[20] ¶ 29, ECF No. 14-5 ("Circumventing CSPV modules are being

entered at prices . . . that are lower than Auxin's raw material costs, *i.e.*, below Auxin's

cost of production . . . ."); Oral Arg. Tr. at 22:5-9 ("[P]rices crashed [from] above 30 cents

---

[19] Language from the Statement of Administrative Action accompanying the Uruguay Round Agreements Act of 1994 supports the view that Congress recognized the competitive benefit that domestic producers derive from the proper enforcement of the antidumping and countervailing duty laws. *See Statement as to How the Uruguay Round Agreements Achieve Congressional Negotiating Objectives in Uruguay Round Agreements Act, Statement of Administrative Action*, H.R. Doc. No. 103-316, vol. 1, at 1137 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4209 ("U.S. dumping and countervailing duty laws will continue to be the most important and most effective U.S. response to unfair trade practices.").

[20] Mamun Rashid is the Chief Executive Officer and co-founder of plaintiff Auxin Solar. *See* Rashid Decl. at ¶ 1.

a watt, which is already squeezing the domestic industry's ability to break even on a sale, down to 14 cents/15 cents a watt."); *see also* Pls. Br., Ex. 1 (showing year-over-year increase in imports of CSPV cells and modules from the subject countries during the period of the emergency).  Additionally, plaintiffs have provided evidence of lost business opportunities linked directly to the emergency proclamation.  *See* Conf. Compl., Ex. 7, ECF No. 14-5 (showing Auxin customers reducing purchase orders in response to the emergency proclamation).

In sum, plaintiffs have demonstrated that they risk being forced out of the CSPV module production business entirely.  *See* Rashid Decl. ¶ 30 ("Given current pricing, the only way for a solar company to break even is if cash deposits and suspension of liquidation requirements are applied to these circumventing CSPV cells and modules. Without this corrective action . . . Auxin will have to exit the CSPV module production business altogether."); Oral Arg. Tr. at 21:16-22 ("[T]he question of injunctive relief . . . is existential.  It determines whether Auxin is able to continue in business . . . .").  The Federal Circuit has recognized "price erosion" and "loss of business opportunities" as valid forms of irreparable injury.  *See Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

Therefore, the court concludes that plaintiffs have demonstrated that they will suffer an irreparable injury absent injunctive relief.

### 2.    Inadequacy of Remedies Available at Law

It is not disputed that plaintiffs have no remedy at law adequate to address their injuries.  *See* Pls. Rep. Br. at 19-20; Defs. Br. at 41.  Therefore, the court concludes that this factor weighs in favor of plaintiffs.  *See Wirtgen Am., Inc. v. United States*, 44 CIT

__, __, 447 F. Supp. 3d 1359, 1372 (2020) ("Damage to business relationships and the loss of future sales to loyal customers cannot be repaired by money damages available at law.").

### 3.    Balance of Harms

Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987)). "Each party" includes the interests of intervening parties. *Id.*; *see, e.g.*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1306 (Fed. Cir. 2012) (weighing the interests of defendant-intervenor). As addressed above, plaintiffs' injury claims stem from the lost competitive benefit of properly collected antidumping and countervailing duties. *See supra* Section II.B.1.

Defendants assert harms stemming from "significant [administrative] complexities associated with determining what the applicable duty rates would be for merchandise that was not previously subject to a suspension of liquidation." Defs. Br. at 41. However, this Court has previously held that the harm resulting from domestic producers' loss of competitive benefit "certainly outweighs the administrative inconvenience to Customs caused by reliquidation." *SSAB North American Div.*, 32 CIT at 801, 571 F. Supp. 2d at 1353. In *SSAB*, the Court noted that Customs' claims of administrative inconvenience were diminished by the fact that Customs "frequently must reliquidate entries several years after the original liquidations," such as in routine classification cases. *Id.* Here, where liquidations, not reliquidations, are likely to form

**PUBLIC VERSION**

the bulk of the injunctive relief, defendants' claims of administrative inconvenience are even weaker.

Last, defendant-intervenors assert harms stemming from the "significant liability" that they would face if forced to pay antidumping and countervailing duties on merchandise that they imported in reliance on the Duty Suspension Rule. D-I Br. at 36. In *SSAB*, the Court recognized, in the context of reliquidation, importers' interests in the finality of liquidation. The *SSAB* Court held that importers' interests in the finality of liquidation stood "in equipoise with Plaintiffs' interests in the proper administration of the antidumping laws." 32 CIT at 801, 571 F. Supp. 2d at 1353. However, given that the government has confirmed to the court that no applicable entries have been liquidated thus far, defendant-intervenors' finality interests are far weaker than if reliquidation were the primary remedy. *See* Oral Arg. Tr. at 8:10-25.

Last, in evaluating the balance of harms, the Court has held previously that "what most likely tips the balance . . . is how quickly the [moving party] moved to assert their rights once they knew or should have known about the error." *Home Prods. Int'l, Inc. v. United States*, 43 CIT __, __, 405 F. Supp. 3d 1368, 1374 (2019), *abrogated on other grounds by Target Corp. v. United States*, 134 F.4th 1307 (Fed. Cir. 2025). The Court has used 180 days, equal to the limit to protest a Customs liquidation decision under 19 U.S.C. § 1514, from the "error's actual or constructive revelation" as the benchmark deadline for trade cases involving reliquidation. *Id.*

Defendants and defendant-intervenors assert that plaintiffs delayed filing their challenge for "more than 15 months after Commerce published the final Duty Suspension Rule." Defs. Br. at 43. Plaintiffs respond that the Duty Suspension Rule

Court No. 23-00274                                                      Page 35

was "a practical nullity *until* Commerce reached affirmative circumvention determinations" and that plaintiffs "reasonably opted to sue after Commerce's affirmative determinations became final, . . . filing four months thereafter." Pls. Rep. Br. at 25. Plaintiffs argue further that they "likely could not have established an Article III case or controversy beforehand." *Id.*

The court declines to determine on what exact date the Duty Suspension Rule became ripe for judicial review, let alone the reasonableness of plaintiffs' legal strategy. However, given the facts before the court, it does not appear that plaintiffs engaged in such delay as to shift the balance of harms in favor of defendants and defendant-intervenors.[21]

With respect to liquidation, the court concludes that plaintiffs' asserted harms outweigh both defendants' claims of administrative inconvenience and defendant-intervenors' finality interests. With respect to any potential reliquidation, the court concludes that plaintiffs' asserted harms outweigh defendants' harms and stand equal with defendant-intervenors' finality interests.

### 4. Public Interest

The Federal Circuit has held that the "public interest is served by ensuring that governmental bodies comply with the law, and interpret and apply trade statutes uniformly and fairly." *American Signature, Inc. v. United States*, 598 F.3d 816, 830 (Fed.

---

[21] Related to their argument that plaintiffs delayed filing this action, defendants and defendant-intervenors asserted at oral argument that January 1, 2024 would be the "most appropriate" cut-off date for injunctive relief, i.e. that entries dated prior to January 1, 2024 should be outside the scope of any injunctive relief. *See* Oral Arg. Tr. at 68:8-11, 84:10-13, 85:21-24. Given that the court concludes that the timing of plaintiffs' action does not alter the balance of harms analysis, the court finds no reason to limit the scope of injunctive relief to after the filing of this action.

Court No. 23-00274                                                      Page 36

Cir. 2010).  Additionally, this Court has held that the public interest is best served by

ensuring governmental compliance with the trade laws.  *See, e.g., Ceramica*

*Regiomontana, S.A. v. United States*, 7 CIT 390, 397, 590 F. Supp. 1260, 1265 (1984)

("As for the public interest, there can be no doubt that it is best served by ensuring . . .

compli[ance] with the law . . . ."); *SSAB North American Div.*, 32 CIT at 801, 571 F.

Supp. 2d at 1354 ("[T]he public interest is served by the proper administration and

enforcement of the antidumping laws.").

        In this case, compliance with the trade laws was overridden by the government's

promulgation of the Duty Suspension Rule.  Therefore, the court concludes that the

public interest factor weighs in favor of plaintiffs.

### 5.    The Balance of Equities

        Having analyzed each of the four *eBay* factors, the court concludes that the

balance of equities favors granting plaintiffs injunctive relief.  With respect to a

liquidation order, plaintiff has satisfied each of the four factors.  With respect to a

potential reliquidation order, three factors weigh in plaintiffs' favor and one factor weighs

equally between plaintiffs and defendant-intervenors.  Considering the totality of the

circumstances, the balance of equities warrants reliquidation.  Therefore, the court will

grant plaintiffs injunctive relief in the form of a liquidation order and a reliquidation order,

should reliquidation of any entries prove necessary.

**PUBLIC VERSION**

**CONCLUSION**

For the foregoing reasons, the court grants plaintiffs' motion for judgment on the agency record.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Rule 56.1 Motion for Judgment on the Agency Record is **GRANTED**; it is further

**ORDERED** that *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), is **VACATED**; it is further

**ORDERED** that, within 20 days of the issuance of judgment in this action, Defendants shall publish notice of said vacatur in the Federal Register; it is further

**ORDERED** that Defendants shall promptly liquidate and collect antidumping and countervailing duties on any presently unliquidated entries found to be circumventing the antidumping and countervailing duty orders on CSPV products from China in *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419 (Dep't of Commerce Aug. 23, 2023), for which the now-vacated *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) were applied; and it is further

**PUBLIC VERSION**

Court No. 23-00274                                                                                    Page 38

     **ORDERED** that, should any of the aforementioned entries be liquidated prior to the

issuance of judgment in this action, Defendants shall promptly identify, collect any

uncollected antidumping and countervailing duties on, and reliquidate all such entries.

     **SO ORDERED.**

/s/     Timothy M. Reif    
Timothy M. Reif, Judge

Dated: August 22, 2025
       New York, New York

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| AUXIN SOLAR, INC., and CONCEPT CLEAN ENERGY, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Court No. 23-00274 |
| UNITED STATES *et al.*; | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| AMERICAN CLEAN POWER ASSOCIATION, *et al.*, | ) ) ) |
| Defendant-Intervenors. | ) ) |

## ORDER

Upon consideration of defendant's unopposed motion to amend the judgment (ECF No. 116), it is hereby ORDERED, that said motion is GRANTED; and it is further ORDERED, that within 67 days of the issuance of judgment in this action, defendants shall publish notice of vacatur of *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022), in the Federal Register.


Date:  September 8, 2025
     New York, NY

              /s/ Timothy M. Reif
_____
                 JUDGE