2025-2120

---

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees*,

v.

**UNITED STATES, DEPARTMENT OF COMMERCE, HOWARD LUTNICK, Secretary of Commerce, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection,**

*Defendants,*

**AMERICAN CLEAN POWER ASSOCIATION, CANADIAN SOLAR (USA), INC., CANADIAN SOLAR INTERNATIONAL LIMITED, SOLAR ENERGY INDUSTRIES ASSOCIATION, JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LTD., JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LTD., NEXTERA ENERGY, INC., BYD (H.K.) CO., LTD., BYD AMERICA LLC, INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC, TRINA SOLAR (U.S.) INC., TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT CO. LTD., TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD., RISEN SOLAR TECHNOLOGY SDN. BHD., BOVIET SOLAR TECHNOLOGY CO., LTD., BOVIET SOLAR USA., LTD., JINKO SOLAR (U.S.) INDUSTRIES INC., JINKOSOLAR (U.S.) INC., JINKO SOLAR TECHNOLOGY SDN. BHD., JINKO SOLAR (MALAYSIA) SDN. BHD., JINKOSOLAR (VIETNAM) CO., LTD., JINKOSOLAR HOLDING CO., LTD., JINKOSOLAR MIDDLE EAST DMCC, JINKOSOLAR (VIETNAM) INDUSTRIES CO. LTD., JINKOSOLAR INVESTMENT LTD., fka Jinkosolar Technology Ltd.,**

*Defendants-Appellants.*

---

Appeal from the United States Court of International Trade in
Case No. 1:23-CV-00274-TMR, Judge Timothy M. Reif

---

## DEFENDANTS-APPELLANTS' CONSENT MOTION
## TO CONSOLIDATE APPEALS

Pursuant to Rules 3 and 27 of the Federal Rules of Appellate Procedure and Rules 12, 15, and 27 of the Court of Appeals for the Federal Circuit, defendants-appellants American Clean Power Association, *et al.*, respectfully request that this Court consolidate this appeal, *Auxin Solar Inc. v. United States*, Fed. Cir. No. 2025-2120, with *Auxin Solar Inc. v. United States*, Fed. Cir. No. 2026-1072. Both appeals arise from the same action before the Court of International Trade ("CIT"), *Auxin Solar Inc. v. United States*, Ct. Int'l Trade No. 23-00274.

Defendants-appellants have conferred regarding this motion with counsel for plaintiffs-appellees and for defendants the United States, *et al.*, who are also defendants-appellants in Fed. Cir. No. 2026-1072. Both counsel consented to consolidation by email on November 4, 2025.

## I.    BACKGROUND

Both of the appeals at issue in this motion concern the CIT's final judgment in *Auxin Solar Inc. v. United States*, Ct. Int'l Trade No. 23-00274, Slip Op. 25-111 (August 22, 2025). The CIT's judgment, incorporating the trial court's earlier decisions in the matter, asserted jurisdiction over plaintiffs' challenge to the Department of Commerce's ("Commerce's") final rule embodied in *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414*, 87 Fed. Reg. 56,868 (Dep't of Commerce

Sept. 16, 2022) (the "Final Rule"), ordered the Final Rule's vacatur, and ordered Commerce to collect antidumping and countervailing duties following the rule's vacatur.

Defendants-appellants' appeal of the trial court's judgment was docketed by this Court on September 17, 2025, with an opening brief deadline of November 17, 2025, while the Court docketed the Government's appeal from the same judgment on October 21, 2025 and set an opening brief deadline in that appeal of December 22, 2025. Both appeals share the same judicial and administrative records and would address overlapping issues from the decision below. Correspondingly, this Court's dockets for both appeals currently list them as related cases with this case designated as the "Lead" and Case No. 26-1072 as the "Member" case.

As of the filing of this motion, however, the Court has not yet consolidated the cases. The purpose of this motion is to facilitate consolidation of these cases in the interests of judicial economy and efficiency, as well as to avoid uncertainty about briefing deadlines and filing requirements.

## II.    ARGUMENT

The *Auxin* appeals addressed here present a classic case for consolidation. Federal Rule of Appellate Procedure 3(b)(2) provides that, when parties "have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Further, the Practice Notes to Federal Circuit Rule 12 state that

"[w]hen more than one party appeals from the same trial court case, the appeals or cross-appeals will usually be consolidated by the clerk of court." Likewise, the Practice Notes to Federal Circuit Rule 15 state that "[w]hen more than one party appeals, cross-appeals, or petitions for review from rulings in the same underlying proceeding, the petitions or appeals will usually be consolidated by the clerk of court." These rules authorize the consolidation of appeals that involve common underlying proceedings in order to avoid unnecessary costs or delay to the Court and the parties participating in the appeals.

Additionally, under Federal Circuit Rule 31(a)(1)(D), in consolidated cases in which more than one set of parties has filed a notice of appeal, the deadline for the principal brief of the appellants is computed from the docketing date of the last-docketed case. This rule seeks to align the briefing deadlines in consolidated appeals so that the opening briefs are filed on a single date.

Here, as noted above, both *Auxin* appeals stem from the same underlying CIT litigation and judgment, and they would ultimately involve overlapping legal and factual issues. Consequently, consistent with Fed. R. App. P. 3(b)(2) and the Practice Notes to Federal Circuit Rules 12 and 15, consolidation is both justified and consistent with this Court's practice.

Moreover, consolidating these cases will reduce the administrative burden on this Court and the parties, thereby promoting judicial economy. In *Spraytex Inc. v.*

*DJS&T,* the Court reasoned that "since consolidated cases tend to be based on the same factual circumstances, appellate review of the total consolidated case serves the purposes of appellate efficiency. . . . Thus, review of all issues in the same appeal makes for greater judicial efficiency."  96 F.3d 1377, 1382 (Fed. Cir. 1996).

The interests in efficiency and economy are heightened in the current circumstances because the consolidation status of the appeals will directly impact the briefing schedule for defendants-appellants' appeal in this case.  Pursuant to Rule 31(a)(1)(D), the opening briefs for all consolidated appellants are due on the latest due date among the consolidated appellants.  Thus, if the Court were to consolidate the cases before November 17, 2025, all opening briefs would be due on December 22, 2025.  If the Court does not do so, however, defendants-appellants' opening brief would be due on November 17, while the Government's opening brief would be due December 22.  Correspondingly, parties in the coming days will be required to take additional procedural steps to address the separate briefing deadlines and/or to participate in the separate ongoing appeals from the same trial court judgment.

A streamlined resolution of the cases through consolidation will thus facilitate judicial economy and prevent unnecessary and duplicative briefing. Absent consolidation, briefing will necessarily occur in multiple cases.  The interests of judicial economy and the preservation of the resources of the parties to these actions thus favor consolidation.

Finally, consolidation will also avoid the danger of inconsistent adjudication, a problem that can occur when issues involving common factual questions are the subject of separate briefing, argument, and deliberation. Consolidation is the best way to ensure that the common issues in both appeals can be adjudicated fairly and efficiently, with the common facts presented to the Court in one proceeding.

Accordingly, we respectfully request that the Court grant this motion and consolidate this appeal with appeal number 2026-1072.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew R. Nicely | /s/ Jonathan T. Stoel |
| Matthew R. Nicely | Jonathan T. Stoel |
| **AKIN GUMP STRAUSS HAUER & FELD LLP** | **HOGAN LOVELLS US LLP** |
| | Columbia Square |
| 2001 K Street, N.W. | 555 Thirteenth Street, N.W. |
| Washington, DC 20006 | Washington, DC 20004-1109 |
| (202) 887-4046 | (202) 637-6634 |
| mnicely@akingump.com | jonathan.stoel@hoganlovells.com |
| | |
| *Counsel to NextEra Energy, Inc. and Solar Energy Industries Association* | *Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited* |

/s/ Craig A. Lewis
Craig A. Lewis
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and BYD America LLC*

/s/ Jonathan M. Freed
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, and Trina Solar (Vietnam) Science & Technology Co., Ltd.*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2908
aberman@crowell.com

*Counsel to Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC*

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd., JA Solar International Limited, and the American Clean Power Association*

/s/ Ned H. Marshak
Ned H. Marshak
**GRUNFELD DESIDERIO
LEBOWITZ SILVERMAN &
KLESTADT LLP**
599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000

*Counsel to Jinko Solar (U.S.) Industries
Inc., JinkoSolar (U.S.) Inc., Jinko Solar
Technology Sdn. Bhd., Jinko Solar
(Malaysia) Sdn. Bhd., JinkoSolar
(Vietnam) Co., Ltd., JinkoSolar Holding
Co., Ltd., Jinkosolar Middle East
DMCC, JINKOSOLAR INVESTMENT
LIMITED (f/k/a/ Jinkosolar Technology
Limited), and Jinkosolar (Vietnam)
Industries*

November 4, 2025

/s/ Gregory S. Menegaz
Gregory S. Menegaz
**THE INTER-GLOBAL TRADE
LAW GROUP, PLLC**
1156 Fifteenth Street, N.W., Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn.
Bhd., Boviet Solar Technology Co., Ltd.
and Boviet Solar USA, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**   25-2120

**Short Case Caption:**   Auxin Solar Inc. v. US

---

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

---

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

    ☑    the filing has been prepared using a proportionally-spaced typeface and includes   997   words.

    ☐    the filing has been prepared using a monospaced typeface and includes _____ lines of text.

    ☐    the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 11/04/2025

Signature:   /s/ Nicholas R. Sparks

Name:   Nicholas R. Sparks

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Defendants-Appellants NextEra Energy, Inc. and Solar Energy Industries Association |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Matthew R. Nicely

Name: Matthew R. Nicely

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☐ None/Not Applicable |
| NextEra Energy, Inc. | Not applicable | The Vanguard Group, Inc. owns 10.13% of NextEra Energy, Inc.'s oustanding common stock |
| Solar Energy Industries Association | Not applicable | Not applicable |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable    ☐ Additional pages attached

| | | |
|---|---|---|
| James E. Tysse (Akin Gump Strauss Hauer & Feld LLP) | Sydney L. Stringer (Akin Gump Strauss Hauer & Feld LLP) | Yujin Kim McNamara (Akin Gump Strauss Hauer & Feld LLP) |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)    ☐ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Canadian Solar (USA) Inc.; Canadian Solar International Limited |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

| **1. Represented Entities.** <br> Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** <br> Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** <br> Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☐ None/Not Applicable |
| Canadian Solar (USA) Inc. | | CSI Solar Co., Ltd.; <br> Canadian Solar Inc. |
| Canadian Solar International Limited | | CSI Solar Co., Ltd.; <br> Canadian Solar Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

I, Nicholas R. Sparks, have entered an appearance as counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited in this proceeding and certify that I have authority to file this document.

/s/ Nicholas R. Sparks

Nicholas R. Sparks

11/4/2025

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 25-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. United States |
| **Filing Party/Entity** | BYD (H.K.) Co., Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Craig A. Lewis

Name: Craig A. Lewis

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| BYD (H.K.) Co., Ltd. | | BYD Company Limited |
| BYD America LLC | | BYD Company Limited |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)  ☐ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 25-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. United States |
| **Filing Party/Entity** | See Attachment |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Jonathan M. Freed

Name: Jonathan M. Freed

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Trina Solar Science & Technology (Thailand) Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar (U.S.) Inc. | | Trina Solar Co., Ltd. |
| Trina Solar (Vietnam) Science & Technology Co., Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar Energy Development Co. Ltd. | | Trina Solar Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑   None/Not Applicable        ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# <u>ATTACHMENT</u>

**Filing Party/Entity:** Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Sci. & Tech. Co., Ltd., Trina Solar Sci. & Tech. (Thailand) Ltd., and Trina Solar Energy Dev. Co. Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Amanda Shafer Berman

Name: Amanda Shafer Berman

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Invenergy Renewables LLC | | |
| Invenergy Solar Equipment Management LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | See Attachment |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Jeffrey S. Grimson

Name: Jeffrey S. Grimson

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| JA Solar USA, Inc. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar International Ltd. | N/A | JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Vietnam Company Ltd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Malaysia Sdn. Bhd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| American Clean Power Association | N/A | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable       ☐ Additional pages attached

| | | |
|---|---|---|
| Jeffrey S. Grimson | Kristin H. Mowry | Bryan P. Cenko |
| Clemence D. Kim | Evan P. Drake | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable       ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## ATTACHMENT

**Filing Party/Entity:** JA Solar USA, Inc., JA Solar International Ltd., JA Solar Vietnam Company Ltd., JA Solar Malaysia Sdn. Bhd. and American Clean Power Association

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Defendant-Appellants Jinko Solar (U.S.) Industries Inc. et al. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Jordan C. Kahn

Name: Jordan C. Kahn

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Jinko Solar (U.S.) Industries Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (U.S.) Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar Technology Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar (Malaysia) Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (Vietnam) Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar Holding Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar Middle East DMCC | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited) | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar (Vietnam) Industries Company Limited | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| Brandon M. Petelin | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)  ☐ No  ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Boviet Solar Technology Co., Ltd. and Boviet Solar USA, Ltd.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Boviet Solar Technology Co., Ltd. | | Ningbo Boway Alloy |
| Boviet Solar USA, Ltd. | | Ningbo Boway Alloy |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable ☐  Additional pages attached

| | | |
|---|---|---|
| David M. Morrell | | |
| James Kevin Horgan | | |
| Vivien Jinghui Wang | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below) ☐  No ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Risen Solar Technology Sdn. Bhd.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature:  /s/ Gregory S. Menegaz

Name:  Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Risen Solar Technology Sdn. Bhd. | | Risen Energy Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Vivien Jinghui Wang | | |
| James Kevin Horgan | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>NOTICE OF RELATED CASE INFORMATION</u>

| | |
|---|---|
| **Case Number** | 25-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | See attached Annex |

> **Instructions:** Do not duplicate information. The notice must only be filed at the time of filing the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. *See* Fed. Cir. R. 47.5(b). Attach additional pages as needed. This notice must not be included in a motion, petition, related response, or brief; please only include the Certificate of Interest (Form 9) in those documents.

1. **Related or prior cases.** Provide the case title, case number, and originating tribunal for each case. Fed. Cir. R. 47.5(b)(1).

No. 26-1072, Auxin Solar Inc. v. US, U.S. Court of International Trade

☐ Additional pages attached

2. **Names of all parties involved in the cases listed above.** Do not duplicate the names of parties. Do not relist the case information. Fed. Cir. R. 47.5(b)(2)(A).

Auxin Solar Inc.; Concept Clean Energy, Inc.; United States; U.S. Department of Commerce; Howard Lutnick, Secretary of Commerce; U.S. Customs and Border Protection; Rodney S. Scott, Commissioner of U.S. Customs and Border Protection

☐ Additional pages attached

3. **Names of all law firms, partners, and associates in the cases listed above.** Do not duplicate the names of law firms, partners, and associates. Do not relist case information and party names. Fed. Cir. R. 47.5(b)(2)(B).

Thomas M. Beline, Cassidy Levy Kent (USA) LLP

Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice

☐ Additional pages attached

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/04/2025

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

Save for Filing

**2025-2120**

**AUXIN SOLAR INC. V. US**

"Filing Party/Entity" includes the following Defendants-Appellants:

1.      American Clean Power Association;

2.      Boviet Solar Technology Co., Ltd.;

3.      Boviet Solar USA., Ltd.;

4.      BYD (H.K.) Co., Ltd.;

5.      BYD America LLC;

6.      Canadian Solar (USA) Inc.;

7.      Canadian Solar International Limited;

8.      Invenergy Renewables LLC;

9.      Invenergy Solar Equipment Management LLC;

10.     JA Solar International Ltd.;

11.     JA Solar Malaysia Sdn. Bhd.;

12.     JA Solar USA, Inc.;

13.     JA Solar Vietnam Company Ltd.;

14.     Jinko Solar (Malaysia) Sdn. Bhd.;

15.     Jinko Solar (U.S.) Industries Inc.;

16.     Jinko Solar Technology Sdn. Bhd.;

17.     JinkoSolar (U.S.) Inc.;

18.     JinkoSolar (Vietnam) Co., Ltd.;

19.     Jinkosolar (Vietnam) Industries Company Limited;

20.     JinkoSolar Holding Co., Ltd.;

21.     JinkoSolar Investment Limited;

22.     Jinkosolar Middle East DMCC;

23.     NextEra Energy, Inc.;

24.     Risen Solar Technology Sdn. Bhd.;

25.     Solar Energy Industries Association;

26.     Trina Solar (U.S.) Inc.;

27.     Trina Solar (Vietnam) Science & Technology Co., Ltd.;

28.     Trina Solar Energy Development Company Limited; and

29.     Trina Solar Science & Technology (Thailand) Ltd.

I, Nicholas R. Sparks, have entered an appearance as counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited in this proceeding and certify that I have authority to file this document.
/s/ Nicholas R. Sparks
Nicholas R. Sparks
11/4/2025

Signed:

<div style="display:flex">
<div>

/s/ Matthew R. Nicely_____
Matthew R. Nicely
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4046
mnicely@akingump.com

*Counsel to NextEra Energy, Inc. and
Solar Energy Industries Association*


/s/ Craig A. Lewis_____
Craig A. Lewis
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and
BYD America LLC*

</div>
<div>

/s/ Jonathan T. Stoel_____
Jonathan T. Stoel
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Counsel to Canadian Solar (USA) Inc.
and Canadian Solar International
Limited*


/s/ Jonathan M. Freed_____
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc.,
Trina Solar Science & Technology
(Thailand) Ltd., Trina Solar Energy
Development Company Limited, and
Trina Solar (Vietnam) Science &
Technology Co., Ltd.*

</div>
</div>

/s/ Amanda Shafer Berman_____
Amanda Shafer Berman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2908
aberman@crowell.com

*Counsel to Invenergy Renewables LLC
and Invenergy Solar Equipment
Management LLC*

/s/ Ned H. Marshak_____
Ned H. Marshak
**GRUNFELD DESIDERIO
LEBOWITZ SILVERMAN &
KLESTADT LLP**
599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000

*Counsel to Jinko Solar (U.S.) Industries
Inc., JinkoSolar (U.S.) Inc., Jinko Solar
Technology Sdn. Bhd., Jinko Solar
(Malaysia) Sdn. Bhd., JinkoSolar
(Vietnam) Co., Ltd., JinkoSolar Holding
Co., Ltd., Jinkosolar Middle East
DMCC, JINKOSOLAR INVESTMENT
LIMITED (f/k/a/ Jinkosolar Technology
Limited), and Jinkosolar (Vietnam)
Industries*

/s/ Jeffrey S. Grimson_____
Jeffrey S. Grimson
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar
Vietnam Company Limited, JA Solar
Malaysia Sdn. Bhd., JA Solar
International Limited, and the American
Clean Power Association*

/s/ Gregory S. Menegaz____
Gregory S. Menegaz
**THE INTER-GLOBAL TRADE
LAW GROUP, PLLC**
1156 Fifteenth Street, N.W., Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn.
Bhd., Boviet Solar Technology Co., Ltd.
and Boviet Solar USA, Ltd.*

November 4, 2025