2025-2120, 2026-1072

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees*,

v.

**UNITED STATES, ET AL.**

*Defendants-Appellants*.

---

Appeals from the United States Court of International Trade in
Case No. 1:23-CV-00274-TMR, Judge Timothy M. Reif

---

## INTERVENOR DEFENDANTS-APPELLANTS'
## CONSENT MOTION FOR AN EXTENSION OF TIME

Pursuant to Rule 26(b) of the U.S. Court of Appeals for the Federal Circuit,

Intervenor Defendants-Appellants American Clean Power Association, *et al.*,[1]

respectfully request a 30-day extension of time, to and including March 12, 2026,

---

[1] "Intervenor Defendants-Appellants" include the American Clean Power Association; Canadian Solar (USA) Inc.; Canadian Solar International Limited; Solar Energy Industries Association; JA Solar USA, Inc.; JA Solar Vietnam Company Limited; JA Solar Malaysia Sdn. Bhd.; JA Solar International Limited; NextEra Energy, Inc.; BYD (H.K.) Co., Ltd.; BYD America LLC; Invenergy Renewables LLC; Invenergy Solar Equipment Management LLC; Trina Solar (U.S.) Inc.; Trina Solar (Vietnam) Science & Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd.; Risen Solar Technology Sdn. Bhd.; Boviet Solar Technology Co., Ltd.; Boviet Solar USA., Ltd.; Jinko Solar (U.S.) Industries Inc.; JinkoSolar (U.S.) Inc.; Jinko Solar Technology Sdn. Bhd.; Jinko Solar (Malaysia) Sdn. Bhd.; JinkoSolar (Vietnam) Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinkosolar Middle East DMCC; Jinkosolar (Vietnam) Industries Company Limited; and JinkoSolar Investment Limited.

for Intervenor Defendants-Appellants to file their opening briefs in this appeal. Defendants-Appellants' opening brief is currently due on February 10, 2026. This is Intervenor Defendants-Appellants' second request for an extension of time, the Court having previously granted a 50-day extension on December 9, 2025. ECF No. 30. On January 30, 2026, Thomas M. Beline, counsel for Plaintiffs-Appellees Auxin Solar Inc. and Concept Clean Energy, Inc., and Douglas G. Edelschick, counsel for the Government, consented by email to this request.

Good cause exists to grant this extension for several reasons.

*First*, Intervenor Defendants-Appellants require additional time to coordinate the preparation of a single, joint opening brief. Intervenor Defendants-Appellants consist of 29 different entities, represented by several different law firms and serving distinct roles within the global solar industry (*e.g.*, energy industry associations, domestic and foreign solar manufacturers, and U.S. solar customers). The counsel representing these diverse perspectives are currently working to prepare a single, joint opening brief, which they hope will facilitate this Court's ability to decide this matter efficiently. Although counsel has made progress in doing so, the substantial number of separate counsel and stakeholders involved in preparing this joint brief, including both U.S. and foreign entities, necessitates additional time to allow for the continued coordination and preparation of unified argument. Furthermore, the very recent

decision of the United States to dismiss its appeal has also required that Intervenor Defendants-Appellants adjust their appellate arguments accordingly.

*Second*, Intervenor Defendants-Appellants' ability to complete the opening brief within the current deadline has been affected by unexpected conflicts arising subsequent to the prior extension motion affecting counsel coordinating the joint brief. Specifically, the Department of Commerce ("Commerce") scheduled verification proceedings in Australia during the week of February 9, 2026, necessitating that counsel coordinating the Intervenor Defendants-Appellants' brief travel for business over a two-week period precisely during the current February 10 due date. Also subsequent to the prior motion, the U.S. International Trade Commission ("USITC") rescheduled the hearing date and post-hearing briefs two significant and ongoing injury investigations concerning *Silicon Metal from Angola, Australia, Laos, Norway, and Thailand*, Inv. Nos. 701-TA-760-763 and 731-TA-1743-1746, to February 19 and 26, 2026, respectively, and *Quartz Surface Products*, Inv. No. TA-201-79, to February 24 and March 3, 2026, respectively. Moreover, Commerce recently selected coordinating counsel's client in this appeal, Canadian Solar, as a "mandatory respondent" in an antidumping duty administrative review concerning solar cells from China, creating additional, unanticipated professional commitments in January, February, and March 2026. These previously unexpected conflicts are in addition to coordinating counsel's numerous other professional commitments

involving regulatory and court obligations during January, February, and early March 2026.

*Third*, coordinating counsel likewise understands that the various law firms representing other Intervenor Defendants-Appellants in this proceeding are similarly contending with competing, substantial professional commitments during the period covered by this extension request.  For example, certain counsel for other Intervenor Defendants-Appellants are preparing to appear for oral argument before the Court of Appeals for the Seventh Circuit on February 12, 2026 in *C.B., et al. v. Blue Cross Blue Shield of Illinois, et al.*, No. 25-1323, as well as before this Court on March 5, 2026 in *Blue Cross and Blue Shield of Kansas City Welfare Benefit Plan v. United States*, Nos. 24-2317, 25-1027, while others were travelling for a U.S. Department of Commerce verification concerning Fiberglass Doors during the week of January 26, 2026, and are also preparing for a USITC hearing on Anode Active Material (AAM) scheduled for February 12, 2026, with substantial prehearing briefs due in that investigation on February 2, 2026 and post-hearing briefs due in that investigation on February 19, 2026.

Accordingly, Intervenor Defendants-Appellants respectfully request that the Court grant a 30-day extension of time, to and including March 12, 2026, for Defendants-Appellants to file their opening briefs in this appeal.

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4046
mnicely@akingump.com

*Counsel to NextEra Energy, Inc. and Solar Energy Industries Association*

/s/ Jonathan T. Stoel
Jonathan T. Stoel
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hoganlovells.com

*Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited*

/s/ Craig A. Lewis
Craig A. Lewis
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and BYD America LLC*

/s/ Jonathan M. Freed
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, and Trina Solar (Vietnam) Science & Technology Co., Ltd.*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2908
aberman@crowell.com

*Counsel to Invenergy Renewables LLC
and Invenergy Solar Equipment
Management LLC*

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar
Vietnam Company Limited, JA Solar
Malaysia Sdn. Bhd., JA Solar
International Limited, and the American
Clean Power Association*

/s/ C. Kevin Marshall
C. Kevin Marshall
Hannah Templin
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3851
ckmarshall@jonesday.com

*Counsel to Boviet Solar Technology
Co., Ltd., and Boviet Solar USA, Ltd.*

/s/ Gregory S. Menegaz
Gregory S. Menegaz
**THE INTER-GLOBAL TRADE
LAW GROUP, PLLC**
1156 Fifteenth Street, N.W., Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn.
Bhd. and Co-Counsel to Boviet Solar
Technology Co., Ltd. and Boviet Solar
USA, Ltd.*

/s/ Ned H. Marshak
Ned H. Marshak
**GRUNFELD DESIDERIO
LEBOWITZ SILVERMAN &
KLESTADT LLP**
599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000

*Counsel to Jinko Solar (U.S.) Industries
Inc., JinkoSolar (U.S.) Inc., Jinko Solar
Technology Sdn. Bhd., Jinko Solar
(Malaysia) Sdn. Bhd., JinkoSolar
(Vietnam) Co., Ltd., JinkoSolar Holding
Co., Ltd., Jinkosolar Middle East
DMCC, JINKOSOLAR INVESTMENT
LIMITED (f/k/a/ Jinkosolar Technology
Limited), and Jinkosolar (Vietnam)
Industries*

February 2, 2026

2025-2120, 2026-1072

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees*,

v.

**UNITED STATES, ET AL.**

*Defendants-Appellants*.

_____

**DECLARATION OF JONATHAN T. STOEL**

_____

In support of Intervenor Defendants-Appellants' Consent Motion for an Extension of Time,[1] counsel to Defendants-Appellants Canadian Solar (USA) Inc. and Canadian Solar International Limited (together, "Canadian Solar"), Jonathan T. Stoel, declares, pursuant to 28 U.S.C. § 1746, as follows:

---

[1] "Intervenor Defendants-Appellants" include the American Clean Power Association; Canadian Solar (USA) Inc.; Canadian Solar International Limited; Solar Energy Industries Association; JA Solar USA, Inc.; JA Solar Vietnam Company Limited; JA Solar Malaysia Sdn. Bhd.; JA Solar International Limited; NextEra Energy, Inc.; BYD (H.K.) Co., Ltd.; BYD America LLC; Invenergy Renewables LLC; Invenergy Solar Equipment Management LLC; Trina Solar (U.S.) Inc.; Trina Solar (Vietnam) Science & Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd.; Risen Solar Technology Sdn. Bhd.; Boviet Solar Technology Co., Ltd.; Boviet Solar USA., Ltd.; Jinko Solar (U.S.) Industries Inc.; JinkoSolar (U.S.) Inc.; Jinko Solar Technology Sdn. Bhd.; Jinko Solar (Malaysia) Sdn. Bhd.; JinkoSolar (Vietnam) Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinkosolar Middle East DMCC; Jinkosolar (Vietnam) Industries Company Limited; and JinkoSolar Investment Limited.

1.     I am a partner and the co-practice leader of the International Trade and Investment group at Hogan Lovells US LLP.  In this capacity, I am counsel of record for Defendant-Appellant Canadian Solar in the above-captioned case.  I am also involved in coordinating Intervenor Defendants-Appellants' efforts to file a joint opening brief in this appeal.

2.     Good cause exists for the requested extension of time to file Intervenor Defendants-Appellants' opening brief for several reasons.

3.     First, Intervenor Defendants-Appellants require additional time to coordinate the preparation of a single, joint opening brief.  Intervenor Defendants-Appellants consist of 29 different entities, represented by several different law firms and serving distinct roles within the global solar industry (*e.g.*, energy industry associations, domestic and foreign solar manufacturers, and U.S. solar customers).  The counsel representing these diverse perspectives are currently working to prepare a single, joint opening brief, which they hope will facilitate this Court's ability to decide this matter efficiently.  Although counsel has made progress in doing so, the substantial number of separate stakeholders involved in preparing this joint brief, including both U.S. and foreign entities, necessitates additional time to allow for the continued coordination and preparation of unified argument.

4.     Second, although pressing demands in other proceedings are not necessarily cause for an extension, counsel for Canaian Solar in its coordinating role

for the joint brief, calls to this Court's attention that additional time is needed to complete coordination of the opening brief due to unexpected conflicts arising subsequent to Intervenor Defendants-Appellants' prior extension of time motion. Specifically, the Department of Commerce ("Commerce") scheduled verification proceedings in Australia during the week of February 9, 2026 that will lead me and other coordinating counsel for the Intervenor Defendants-Appellants' brief to be traveling abroad for business during the two-week period surrounding the current February 10 due date. Also subsequent to the prior motion, the U.S. International Trade Commission ("USITC") rescheduled the hearing date and post-hearing briefs in its ongoing injury investigations concerning *Silicon Metal from Angola, Australia, Laos, Norway, and Thailand*, Inv. Nos. 701-TA-760-763 and 731-TA-1743-1746, to February 19 and 26, 2026, respectively, and *Quartz Surface Products*, Inv. No. TA-201-79, to February 24 and March 3, 2026, respectively. Moreover, Commerce recently selected coordinating counsel's client in this appeal, Canadian Solar, as a mandatory respondent in an ongoing antidumping duty administrative review concerning solar cells from China, creating additional professional commitments in January, February, and early March 2026. These previously unexpected conflicts are in addition to coordinating counsel's numerous other professional commitments involving regulatory and court obligations during January, February, and early March 2026.

5.    Third, I likewise understand that the various law firms representing other Intervenor Defendants-Appellants in this proceeding are similarly contending with competing, substantial professional commitments during the period covered by this extension request.  For example, I understand that certain of the undersigned counsel are preparing to appear for oral argument before the Court of Appeals for the Seventh Circuit on February 12, 2026 in *C.B., et al. v. Blue Cross Blue Shield of Illinois, et al.*, No. 25-1323, as well as before this Court on March 5, 2026 in *Blue Cross and Blue Shield of Kansas City Welfare Benefit Plan v. United States*, Nos. 24-2317, 25-1027, while others were required to travel for a verification concerning Fiberglass Doors during the week of January 26 2026, and are also preparing for a USITC hearing on Anode Active Material (AAM) scheduled for February 12, 2026, with substantial prehearing and post-hearing briefs due in that investigation on February 2, 2026 and February 19, 2026, respectively..

6.    Finally, on January 29, 2026, counsel for the United States informed undersigned counsel for Intervenor Defendants-Appellants that the United States has decided to dismiss its consolidated appeal.  On January 30, 2026, the United States filed a motion to dismiss its appeal.  This very recent development has also required that Intervenor Defendants-Appellants adjust their appellate arguments accordingly.

7.     Counsel for Intervenor Defendants-Appellants accordingly require additional time to complete their brief in this proceeding.

I declare that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Jonathan T. Stoel
Jonathan T. Stoel

Executed: February 2, 2026

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Defendants-Appellants NextEra Energy, Inc. and Solar Energy Industries Association |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: __2/2/2026__

Signature: __/s/ Matthew R. Nicely__

Name: __Matthew R. Nicely__

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| NextEra Energy, Inc. | Not applicable | The Vanguard Group, Inc. owns 10.40% of NextEra Energy, Inc.'s oustanding common stock |
| Solar Energy Industries Association | Not applicable | Not applicable |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| James E. Tysse (Akin Gump Strauss Hauer & Feld LLP) | Sydney L. Stringer (Akin Gump Strauss Hauer & Feld LLP) | Yujin Kim McNamara (Akin Gump Strauss Hauer & Feld LLP) |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Canadian Solar (USA) Inc.; Canadian Solar International Limited |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: _____2/2/2026_____

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Canadian Solar (USA) Inc. | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| Canadian Solar International Limited | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

I, Nicholas R. Sparks, have entered an appearance as counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited in this proceeding and certify that I have authority to file this document.

/s/ Nicholas R. Sparks

Nicholas R. Sparks

2/2/2026

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | BYD (H.K.) Co., Ltd.; BYD America, LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: ___2/2/2026___

Signature: /s/ Craig A. Lewis

Name: Craig A. Lewis

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| BYD (H.K.) Co., Ltd. | | BYD Company Limited |
| BYD America, LLC | | BYD Company Limited |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 25-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. United States |
| **Filing Party/Entity** | Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Sci. & Tech. Co., Ltd., Trina Solar Sci. & Tech. (Thailand) Ltd., and Trina Solar Energy Dev. Co. Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/2/2026

Signature: /s/ Jonathan Freed

Name: Jonathan Freed

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Trina Solar Science & Technology (Thailand) Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar (U.S.) Inc. | | Trina Solar Co., Ltd. |
| Trina Solar (Vietnam) Science & Technology Co., Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar Energy Development Co. Ltd. | | Trina Solar Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: __2/2/2026__

Signature: /s/ Amanda Shafer Berman

Name: Amanda Shafer Berman

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Invenergy Renewables LLC | | |
| Invenergy Solar Equipment Management LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120, 2026-1072

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** See Attachment

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/2/2026

Signature: /s/ Jeffrey S. Grimson

Name: Jeffrey S. Grimson

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| JA Solar USA, Inc. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar International Ltd. | N/A | JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Vietnam Company Ltd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Malaysia Sdn. Bhd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| American Clean Power Association | N/A | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Jeffrey S. Grimson | Kristin H. Mowry | Bryan P. Cenko |
| Clemence D. Kim | Evan P. Drake | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## <u>ATTACHMENT</u>

**Filing Party/Entity:** JA Solar USA, Inc., JA Solar International Ltd., JA Solar Vietnam Company Ltd., JA Solar Malaysia Sdn. Bhd. and American Clean Power Association

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Defendant-Appellants Jinko Solar (U.S.) Industries Inc. et al. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/2/2026

Signature: /s/ Jordan C. Kahn

Name: Jordan C. Kahn

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Jinko Solar (U.S.) Industries Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (U.S.) Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar Technology Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar (Malaysia) Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (Vietnam) Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar Holding Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar Middle East DMCC | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited) | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar (Vietnam) Industries Company Limited | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Brandon M. Petelin | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Boviet Solar Technology Co., Ltd. and Boviet Solar USA, Ltd. |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/2/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Boviet Solar Technology Co., Ltd. | | Ningbo Boway Alloy |
| Boviet Solar USA, Ltd. | | Ningbo Boway Alloy |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable   ☐ Additional pages attached

| | | |
|---|---|---|
| David M. Morrell | | |
| James Kevin Horgan | | |
| Vivien Jinghui Wang | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable   ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Risen Solar Technology Sdn. Bhd.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 2/2/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☐ None/Not Applicable |
| Risen Solar Technology Sdn. Bhd. | | Risen Energy Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Vivien Jinghui Wang | | |
| James Kevin Horgan | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  2025-2120, 2026-1072

**Short Case Caption:**  Auxin Solar Inc. v. US

| **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2). |
|---|

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes ____986____ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: ____2/2/2026____

Signature:  /s/ Nicholas R. Sparks

Name:  Nicholas R. Sparks