2025-2120

In The

United States Court of Appeals for the Federal Circuit

_____

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees*,

v.

**UNITED STATES, DEPARTMENT OF COMMERCE, HOWARD LUTNICK, Secretary of Commerce, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection,**

*Defendants*,

**AMERICAN CLEAN POWER ASSOCIATION, CANADIAN SOLAR (USA), INC., CANADIAN SOLAR INTERNATIONAL LIMITED, SOLAR ENERGY INDUSTRIES ASSOCIATION, JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LTD., JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LTD., NEXTERA ENERGY, INC., BYD (H.K.) CO., LTD., BYD AMERICA LLC, INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC, TRINA SOLAR (U.S.) INC., TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT CO. LTD., TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD., RISEN SOLAR TECHNOLOGY SDN. BHD., BOVIET SOLAR TECHNOLOGY CO., LTD., BOVIET SOLAR USA., LTD., JINKO SOLAR (U.S.) INDUSTRIES INC., JINKOSOLAR (U.S.) INC., JINKO SOLAR TECHNOLOGY SDN. BHD., JINKO SOLAR (MALAYSIA) SDN. BHD., JINKOSOLAR (VIETNAM) CO., LTD., JINKOSOLAR HOLDING CO., LTD., JINKOSOLAR MIDDLE EAST DMCC, JINKOSOLAR (VIETNAM) INDUSTRIES CO. LTD., JINKOSOLAR INVESTMENT LTD., fka Jinkosolar Technology Ltd.,**

*Defendants-Appellants*.

_____

Appeal from the United States Court of International Trade in
Case No. 1:23-CV-00274-TMR, Judge Timothy M. Reif

_____

## DEFENDANTS-APPELLANTS' CONSENT MOTION
## FOR ENLARGEMENT OF THE WORD LIMIT

Pursuant to Rule 27 of the Court of Appeals for the Federal Circuit, Defendants-Appellants American Clean Power Association, *et al.*, respectfully request that this Court grant an enlargement to the word limit for their principal brief to 18,500 words. Defendants-Appellants have not previously requested an enlargement of the word limit for this purpose. We have conferred with counsel to Plaintiffs-Appellees, who consented to this motion on March 5, 2026.

Good cause exists for the Court to grant the motion to expand the word limit. Defendants-Appellants are endeavoring to comply with Federal Circuit Rule 28(i)(1) which "strongly" encourages parties "with identical or similar interests" to join in a single brief. Defendants-Appellants consist of 29 different entities, represented by several different law firms and serving distinct roles within the global solar industry (*e.g.*, energy industry associations, domestic and foreign solar manufacturers, and U.S. solar customers). For the reasons described below, additional words are needed for them to fully address the issues in a single brief.

Good cause exists because this appeal presents exceptionally complex legal issues that require fulsome briefing. This case requires the Court to address issues that it has not previously considered, including the interpretation and application of Section 318 of the Tariff Act of 1930, and complicated questions of jurisdiction and

legal remedy. Meaningful analysis of these issues requires careful treatment of statutory text, structure, and purpose, which necessitates an expanded word count for the principal brief.

Moreover, this appeal raises substantial issues at every phase of the litigation, including the trial court's findings regarding jurisdiction, the merits of Plaintiffs-Appellees' claims, and the appropriate legal remedies that could be available here. Defendants-Appellants intend to present arguments addressing each of these phases, and the weightiness of these issues makes it impracticable to meaningfully compress the discussion without undermining the clarity or completeness of the arguments. Addressing these matters in a single, coordinated brief, as encouraged by Federal Circuit Rule 28(i)(1), necessarily requires additional words.

Furthermore, the Defendants-Appellants face billions of dollars in potential retroactive duty liability, and the stakes of this appeal require careful and thorough presentation of the arguments. Defendants-Appellants represent 29 entities, including trade associations, domestic and foreign manufacturers, and U.S. solar customers, each with differing roles and perspectives within the global solar industry. Additional words are necessary to ensure that these perspectives are adequately and accurately reflected in a single joint brief, while avoiding the inefficiency of multiple filings.

Limiting the Defendants-Appellants' discussion of the important issues being raised would severely hinder their ability to meaningfully present their arguments. While the Defendants-Appellants may technically be permitted to file separate briefs under the Court's rules to the extent they are represented by separate firms, the Defendants-Appellants prefer to comply with the Court's request in Rule 28 by joining a single brief. Notably, the proposed expanded word limit is still far below the word limit that would apply if the briefs were deconsolidated into two or more separate briefs. For these reasons, Defendants-Appellants respectfully request that the Court expand the word limit for the Appellants' principal brief by 4,500 words.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew R. Nicely | /s/ Jonathan T. Stoel |
| Matthew R. Nicely | Jonathan T. Stoel |
| **AKIN GUMP STRAUSS HAUER & FELD LLP** | **HOGAN LOVELLS US LLP** |
| 2001 K Street, N.W. | Columbia Square |
| Washington, DC 20006 | 555 Thirteenth Street, N.W. |
| (202) 887-4046 | Washington, DC 20004-1109 |
| mnicely@akingump.com | (202) 637-6634 |
| | jonathan.stoel@hoganlovells.com |
| *Counsel to NextEra Energy, Inc. and Solar Energy Industries Association* | *Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited* |

/s/ Craig A. Lewis
Craig A. Lewis
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to BYD (H.K.) Co., Ltd. and
BYD America LLC*

/s/ Jonathan M. Freed
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc.,
Trina Solar Science & Technology
(Thailand) Ltd., Trina Solar Energy
Development Company Limited, and
Trina Solar (Vietnam) Science &
Technology Co., Ltd.*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2908
aberman@crowell.com

*Counsel to Invenergy Renewables LLC
and Invenergy Solar Equipment
Management LLC*

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar
Vietnam Company Limited, JA Solar
Malaysia Sdn. Bhd., JA Solar
International Limited, and the American
Clean Power Association*

/s/ C. Kevin Marshall
C. Kevin Marshall
Hannah Templin
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3851
ckmarshall@jonesday.com

*Counsel to Boviet Solar Technology
Co., Ltd., and Boviet Solar USA, Ltd.*

/s/ Gregory S. Menegaz
Gregory S. Menegaz
**THE INTER-GLOBAL TRADE
LAW GROUP, PLLC**
1156 Fifteenth Street, N.W., Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn.
Bhd. and Co-Counsel to Boviet Solar
Technology Co., Ltd. and Boviet Solar
USA, Ltd.*

/s/ Ned H. Marshak
Ned H. Marshak
**GRUNFELD DESIDERIO
LEBOWITZ SILVERMAN &
KLESTADT LLP**
599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000

*Counsel to Jinko Solar (U.S.) Industries
Inc., JinkoSolar (U.S.) Inc., Jinko Solar
Technology Sdn. Bhd., Jinko Solar
(Malaysia) Sdn. Bhd., JinkoSolar
(Vietnam) Co., Ltd., JinkoSolar Holding
Co., Ltd., Jinkosolar Middle East
DMCC, JINKOSOLAR INVESTMENT
LIMITED (f/k/a/ Jinkosolar Technology
Limited), and Jinkosolar (Vietnam)
Industries*

Dated: March 5, 2026

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Defendants-Appellants NextEra Energy, Inc. and Solar Energy Industries Association

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date:  3/5/2026

Signature:  /s/ Matthew R. Nicely

Name:  Matthew R. Nicely

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| NextEra Energy, Inc. | Not applicable | The Vanguard Group, Inc. owns more than 10% of NextEra Energy, Inc.'s oustanding common stock |
| Solar Energy Industries Association | Not applicable | Not applicable |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| James E. Tysse (Akin Gump Strauss Hauer & Feld LLP) | Sydney L. Stringer (Akin Gump Strauss Hauer & Feld LLP) | Yujin Kim McNamara (Akin Gump Strauss Hauer & Feld LLP) |
|---|---|---|
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)     ☐    No     ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Canadian Solar (USA) Inc.; Canadian Solar International Limited |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: _____3/5/2026_____

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Canadian Solar (USA) Inc. | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| Canadian Solar International Limited | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable      ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

I, Nicholas R. Sparks, have entered an appearance as counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited in this proceeding and certify that I have authority to file this document.
/s/ Nicholas R. Sparks
Nicholas R. Sparks
3/5/2026

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | BYD (H.K.) Co., Ltd.; BYD America, LLC |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: __3/5/2026__

Signature: /s/ Craig A. Lewis

Name: Craig A. Lewis

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| BYD (H.K.) Co., Ltd. | | BYD Company Limited |
| BYD America, LLC | | BYD Company Limited |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 25-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. United States |
| **Filing Party/Entity** | Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Sci. & Tech. Co., Ltd., Trina Solar Sci. & Tech. (Thailand) Ltd., and Trina Solar Energy Dev. Co. Ltd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 3/5/2026

Signature: /s/ Jonathan Freed

Name: Jonathan Freed

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Trina Solar Science & Technology (Thailand) Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar (U.S.) Inc. | | Trina Solar Co., Ltd. |
| Trina Solar (Vietnam) Science & Technology Co., Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar Energy Development Co. Ltd. | | Trina Solar Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC |

---

**Instructions:**

1.  Complete each section of the form and select none or N/A if appropriate.

2.  Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3.  In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4.  Please do not duplicate entries within Section 5.

5.  Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date:   3/5/2026

Signature:   /s/ Amanda Shafer Berman

Name:   Amanda Shafer Berman

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Invenergy Renewables LLC | | |
| Invenergy Solar Equipment Management LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable          ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120, 2026-1072

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** See Attachment

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 3/5/2026

Signature: /s/ Jeffrey S. Grimson

Name: Jeffrey S. Grimson

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| JA Solar USA, Inc. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar International Ltd. | N/A | JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Vietnam Company Ltd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Malaysia Sdn. Bhd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| American Clean Power Association | N/A | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Jeffrey S. Grimson | Kristin H. Mowry | Bryan P. Cenko |
| Clemence D. Kim | Evan P. Drake | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## ATTACHMENT

**Filing Party/Entity:** JA Solar USA, Inc., JA Solar International Ltd., JA Solar Vietnam Company Ltd., JA Solar Malaysia Sdn. Bhd. and American Clean Power Association

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Defendant-Appellants Jinko Solar (U.S.) Industries Inc. et al. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.


Date: 3/5/2026

Signature:  /s/ Jordan C. Kahn

Name:  Jordan C. Kahn

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Jinko Solar (U.S.) Industries Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (U.S.) Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar Technology Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar (Malaysia) Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (Vietnam) Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar Holding Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar Middle East DMCC | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited) | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar (Vietnam) Industries Company Limited | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Brandon M. Petelin | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Boviet Solar Technology Co., Ltd. and Boviet Solar USA, Ltd.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 3/5/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Boviet Solar Technology Co., Ltd. | | Ningbo Boway Alloy |
| Boviet Solar USA, Ltd. | | Ningbo Boway Alloy |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| David M. Morrell | | |
| James Kevin Horgan | | |
| Vivien Jinghui Wang | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable        ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

| | |
|---:|:---|
| **Case Number** | 2025-2120 |
| **Short Case Caption** | Auxin Solar Inc. v. US |
| **Filing Party/Entity** | Risen Solar Technology Sdn. Bhd. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 3/5/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Risen Solar Technology Sdn. Bhd. | | Risen Energy Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable ☐  Additional pages attached

| | | |
|---|---|---|
| Vivien Jinghui Wang | | |
| James Kevin Horgan | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)     ☐  No     ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |