2025-2120

IN THE
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees,*

v.

**UNITED STATES, DEPARTMENT OF COMMERCE, HOWARD LUTNICK, Secretary of Commerce, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection,**

*Defendants,*

**AMERICAN CLEAN POWER ASSOCIATION, CANADIAN SOLAR (USA), INC., CANADIAN SOLAR INTERNATIONAL LIMITED, SOLAR ENERGY INDUSTRIES ASSOCIATION, JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LTD., JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LTD., NEXTERA ENERGY, INC., BYD (H.K.) CO., LTD., BYD AMERICA LLC, INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC, TRINA SOLAR (U.S.) INC., TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT CO. LTD., TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD., RISEN SOLAR TECHNOLOGY SDN. BHD., BOVIET SOLAR TECHNOLOGY CO., LTD., BOVIET SOLAR USA., LTD., JINKO SOLAR (U.S.) INDUSTRIES INC., JINKOSOLAR (U.S.) INC., JINKO SOLAR TECHNOLOGY SDN. BHD., JINKO SOLAR (MALAYSIA) SDN. BHD., JINKOSOLAR (VIETNAM) CO., LTD., JINKOSOLAR HOLDING CO., LTD., JINKOSOLAR MIDDLE EAST DMCC, JINKOSOLAR (VIETNAM) INDUSTRIES CO. LTD., JINKOSOLAR INVESTMENT LTD., fka Jinkosolar Technology Ltd.,**

*Defendants-Appellants.*

---

Appeal from the United States Court of International Trade in
Case No. 1:23-CV-00274-TMR, Judge Timothy M. Reif

---

**INTERVENOR DEFENDANTS-APPELLANTS'**
**<u>CONSENT MOTION FOR AN EXTENSION OF TIME</u>**

Pursuant to U.S. Court of Appeals for the Federal Circuit Rule 26(b), Intervenor Defendants-Appellants American Clean Power Association, *et al.*,[1] respectfully request a 44-day extension of time, to and including October 8, 2026, for Intervenor Defendants-Appellants to file their reply brief in this appeal. Defendants-Appellants' reply brief is currently due on August 25, 2026. No party has previously moved for an extension of this deadline. On August 12, 2026, Thomas M. Beline, counsel for Plaintiffs-Appellees Auxin Solar Inc. and Concept Clean Energy, Inc., consented to this request.

Good cause exists to grant this extension for several reasons.

*First*, Intervenor Defendants-Appellants require additional time to coordinate the preparation of a single, joint reply brief. Intervenor Defendants-Appellants consist

[1] "Intervenor Defendants-Appellants" include the American Clean Power Association; Canadian Solar (USA) Inc.; Canadian Solar International Limited; Solar Energy Industries Association; JA Solar USA, Inc.; JA Solar Vietnam Company Limited; JA Solar Malaysia Sdn. Bhd.; JA Solar International Limited; NextEra Energy, Inc.; BYD (H.K.) Co., Ltd.; BYD America LLC; Invenergy Renewables LLC; Invenergy Solar Equipment Management LLC; Trina Solar (U.S.) Inc.; Trina Solar (Vietnam) Science & Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd.; Risen Solar Technology Sdn. Bhd.; Boviet Solar Technology Co., Ltd.; Boviet Solar USA, Ltd.; Jinko Solar (U.S.) Industries Inc.; JinkoSolar (U.S.) Inc.; Jinko Solar Technology Sdn. Bhd.; Jinko Solar (Malaysia) Sdn. Bhd.; JinkoSolar (Vietnam) Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinkosolar Middle East DMCC; Jinkosolar (Vietnam) Industries Company Limited; and JinkoSolar Investment Limited.

of 29 different entities, represented by multiple different law firms and serving distinct roles within the global solar industry (*e.g.*, energy industry associations, domestic and foreign solar manufacturers, and U.S. solar customers). The counsel representing these diverse perspectives are currently working to prepare a single, joint reply brief, which will facilitate this Court's ability to decide this matter efficiently. The substantial number of separate firms and stakeholders involved in preparing this joint brief, including both U.S. and foreign entities, necessitates additional time to allow for the continued coordination and preparation of unified argument.

Additional time for coordination is particularly needed in this action given the number of complex issues implicated in the opening and response briefs. This Court granted Plaintiffs-Appellees additional time to file their response brief on May 6, 2026, ECF No. 42, and then again on June 24, 2026, ECF No. 44. The Court then granted Plaintiffs-Appellees' motion for an enlargement of the word limit on July 28, 2026, ECF No. 49, which further extended the time to file the response brief. Defendants-Appellants similarly require additional time to consider the many issues addressed in Plaintiffs-Appellees' response brief, including an additional issue challenging standing that Plaintiffs-Appellees affirmatively raise in their brief.

*Second*, Intervenor Defendants-Appellants' ability to complete the reply brief within the current deadline is affected by coordinating counsel's competing professional obligations, which include, among numerous other matters:

- The U.S. Department of Commerce has selected coordinating counsel's client in this appeal, Canadian Solar, as a mandatory respondent in ongoing antidumping and countervailing duty reviews of the orders on solar cells from China (Case Nos. A-570-979 and C-570-980). Counsel is currently working to respond to supplemental questionnaires in the antidumping review and initial questionnaires, for approximately 20 entities, in the countervailing duty review.
- Counsel is currently preparing an opening brief before this Court in Fed. Cir. No. 26-1788, *YC Rubber Co. (North America) LLC v. US* (due August 25).
- Counsel has briefing and hearing deadlines before the U.S. International Trade Commission in its final investigations regarding *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from India, Indonesia, and Laos*, including pre- and post-hearing briefs (due August 26 and September 16, 2026) and the September 9, 2026, hearing.
- Counsel is preparing an opening brief before the U.S. Court of International Trade in *Joint Stock Company Apatit v. United States*, Ct. No. 24-226, due on September 11, 2026.

- On August 5, 2026, counsel filed a rebuttal brief on behalf of the Government of Ontario in the Commerce Department's seventh administrative review of the CVD order on *Certain Softwood Lumber from Canada* (Case No. C-122-858).
- On August 7, 2026, counsel filed two Rule 61(3) reply briefs on behalf of the Government of Ontario before a United States-Mexico-Canada Agreement binational review panel regarding the 2020 administrative review of the CVD order on *Certain Softwood Lumber from Canada*.
- On August 11, counsel filed a sur-reply brief on behalf of Canadian Solar in U.S. Court of International Trade Ct. No. 25-163, *American Alliance for Solar Manufacturing Trade Committee v. United States*.

*Third*, coordinating counsel likewise understands that the various law firms representing other Intervenor Defendants-Appellants in this proceeding are similarly contending with competing, substantial professional commitments during the period covered by this extension request. Counsel for certain other Intervenor Defendants-Appellants are representing clients as mandatory respondents in Commerce Department proceedings, participating in the above-mentioned U.S. International Trade Commission investigations, and have briefing and hearing deadlines before this Court and the Court of International Trade.

Finally, counsel also require additional time to complete the reply brief in light of personnel absences during the family holiday season in August and early September. Several attorneys have pre-planned vacations during this period and are unable to devote full attention to this brief until they return to the office. Coordinating counsel was traveling domestically with family in August and anticipates international business travel in early September 2026.

Accordingly, Intervenor Defendants-Appellants respectfully request that the Court grant a 44-day extension of time, to and including October 8, 2026, for Defendants-Appellants to file their reply brief in this appeal.

Respectfully submitted,

/s/ Matthew R. Nicely
Matthew R. Nicely
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4046
mnicely@akingump.com

*Counsel to NextEra Energy, Inc. and Solar Energy Industries Association*

/s/ Jonathan T. Stoel
Jonathan T. Stoel
**HOGAN LOVELLS CADWALADER US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-6634
jonathan.stoel@hlc.com

*Counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited*

/s/ Craig A. Lewis
Craig A. Lewis
**HOGAN LOVELLS CADWALADER US LLP**
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hlc.com

*Counsel to BYD (H.K.) Co., Ltd. and BYD America LLC*

/s/ Jonathan M. Freed
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Ave, SE
Washington, DC 20003
(202) 223-3760
jfreed@tradepacificlaw.com

*Counsel for Trina Solar (U.S.), Inc., Trina Solar Science & Technology (Thailand) Ltd., Trina Solar Energy Development Company Limited, and Trina Solar (Vietnam) Science & Technology Co., Ltd.*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
(202) 624-2908
aberman@crowell.com

*Counsel to Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC*

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
**MOWRY & GRIMSON, PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
(202) 688-3610
trade@mowrygrimson.com

*Counsel to JA Solar USA, Inc., JA Solar Vietnam Company Limited, JA Solar Malaysia Sdn. Bhd., JA Solar International Limited, and the American Clean Power Association*

/s/ C. Kevin Marshall
C. Kevin Marshall
Hannah Templin
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3851
ckmarshall@jonesday.com

*Counsel to Boviet Solar Technology Co., Ltd., and Boviet Solar USA, Ltd.*

/s/ Gregory S. Menegaz
Gregory S. Menegaz
**THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
1156 Fifteenth Street, N.W., Suite 1101
Washington, D.C. 20005
(202) 868-0300
gmenegaz@igtlaw.com

*Counsel to Risen Solar Technology Sdn. Bhd. and Co-Counsel to Boviet Solar Technology Co., Ltd. and Boviet Solar USA, Ltd.*

/s/ Ned H. Marshak
Ned H. Marshak
**GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT LLP**
599 Lexington Avenue FL 36
New York, NY 10022-7648
(212) 557-4000

*Counsel to Jinko Solar (U.S.) Industries Inc., JinkoSolar (U.S.) Inc., Jinko Solar Technology Sdn. Bhd., Jinko Solar (Malaysia) Sdn. Bhd., JinkoSolar (Vietnam) Co., Ltd., JinkoSolar Holding Co., Ltd., Jinkosolar Middle East DMCC, JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited), and Jinkosolar (Vietnam) Industries*

August 14, 2026

2025-2120

IN THE
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

**AUXIN SOLAR INC., CONCEPT CLEAN ENERGY, INC.,**

*Plaintiffs-Appellees,*

v.

**UNITED STATES, DEPARTMENT OF COMMERCE, HOWARD LUTNICK, Secretary of Commerce, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, Commissioner of U.S. Customs and Border Protection,**

*Defendants,*

**AMERICAN CLEAN POWER ASSOCIATION, CANADIAN SOLAR (USA), INC., CANADIAN SOLAR INTERNATIONAL LIMITED, SOLAR ENERGY INDUSTRIES ASSOCIATION, JA SOLAR USA, INC., JA SOLAR VIETNAM COMPANY LTD., JA SOLAR MALAYSIA SDN. BHD., JA SOLAR INTERNATIONAL LTD., NEXTERA ENERGY, INC., BYD (H.K.) CO., LTD., BYD AMERICA LLC, INVENERGY RENEWABLES LLC, INVENERGY SOLAR EQUIPMENT MANAGEMENT LLC, TRINA SOLAR (U.S.) INC., TRINA SOLAR (VIETNAM) SCIENCE & TECHNOLOGY CO., LTD., TRINA SOLAR ENERGY DEVELOPMENT CO. LTD., TRINA SOLAR SCIENCE & TECHNOLOGY (THAILAND) LTD., RISEN SOLAR TECHNOLOGY SDN. BHD., BOVIET SOLAR TECHNOLOGY CO., LTD., BOVIET SOLAR USA., LTD., JINKO SOLAR (U.S.) INDUSTRIES INC., JINKOSOLAR (U.S.) INC., JINKO SOLAR TECHNOLOGY SDN. BHD., JINKO SOLAR (MALAYSIA) SDN. BHD., JINKOSOLAR (VIETNAM) CO., LTD., JINKOSOLAR HOLDING CO., LTD., JINKOSOLAR MIDDLE EAST DMCC, JINKOSOLAR (VIETNAM) INDUSTRIES CO. LTD., JINKOSOLAR INVESTMENT LTD., fka Jinkosolar Technology Ltd.,**

*Defendants-Appellants.*

---

**DECLARATION OF JONATHAN T. STOEL**

In support of Intervenor Defendants-Appellants' Consent Motion for an Extension of Time,[1] counsel to Defendants-Appellants Canadian Solar (USA) Inc. and Canadian Solar International Limited (together, "Canadian Solar"), Jonathan T. Stoel, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner and the co-practice leader of the International Trade and Investment group at Hogan Lovells Cadwalader US LLP. In this capacity, I am counsel of record for Defendant-Appellant Canadian Solar in the above-captioned case. I am also involved in coordinating Intervenor Defendants-Appellants' efforts to file a joint reply brief in this appeal.

2. Good cause exists for the requested extension of time to file Intervenor Defendants-Appellants' reply brief for several reasons.

---

[1] "Intervenor Defendants-Appellants" include the American Clean Power Association; Canadian Solar (USA) Inc.; Canadian Solar International Limited; Solar Energy Industries Association; JA Solar USA, Inc.; JA Solar Vietnam Company Limited; JA Solar Malaysia Sdn. Bhd.; JA Solar International Limited; NextEra Energy, Inc.; BYD (H.K.) Co., Ltd.; BYD America LLC; Invenergy Renewables LLC; Invenergy Solar Equipment Management LLC; Trina Solar (U.S.) Inc.; Trina Solar (Vietnam) Science & Technology Co., Ltd.; Trina Solar Energy Development Company Limited; Trina Solar Science & Technology (Thailand) Ltd.; Risen Solar Technology Sdn. Bhd.; Boviet Solar Technology Co., Ltd.; Boviet Solar USA, Ltd.; Jinko Solar (U.S.) Industries Inc.; JinkoSolar (U.S.) Inc.; Jinko Solar Technology Sdn. Bhd.; Jinko Solar (Malaysia) Sdn. Bhd.; JinkoSolar (Vietnam) Co., Ltd.; JinkoSolar Holding Co., Ltd.; Jinkosolar Middle East DMCC; Jinkosolar (Vietnam) Industries Company Limited; and JinkoSolar Investment Limited.

3. First, Intervenor Defendants-Appellants require additional time to coordinate the preparation of a single, joint reply brief. Intervenor Defendants-Appellants consist of 29 different entities, represented by multiple different law firms and serving distinct roles within the global solar industry (*e.g.*, energy industry associations, domestic and foreign solar manufacturers, and U.S. solar customers). The counsel representing these diverse perspectives are currently working to prepare a single, joint reply brief, which will facilitate this Court's ability to decide this matter efficiently. The substantial number of separate firms and stakeholders involved in preparing this joint brief, including both U.S. and foreign entities, necessitates additional time to allow for the continued coordination and preparation of unified argument.

4. Additional time for coordination is particularly needed in this action given the number of complex issues implicated in the opening and response briefs. This Court granted Plaintiffs-Appellees additional time to file their response brief on May 6, 2026, ECF No. 42, and then again on June 24, 2026, ECF No. 44. The Court then granted Plaintiffs-Appellees' motion for an enlargement of the word limit on July 28, 2026, ECF No. 49, which further extended the time to file the response brief. Defendants-Appellants similarly require additional time to consider the many issues addressed in Plaintiffs-Appellees' response brief, including an additional issue challenging standing that Plaintiffs-Appellees affirmatively raise in their brief.

5. Second, Intervenor Defendants-Appellants' ability to complete the reply brief within the current deadline is affected by coordinating counsel's competing professional obligations, which include, among numerous other matters:

- The U.S. Department of Commerce has selected my client in this appeal, Canadian Solar, as a mandatory respondent in ongoing antidumping and countervailing duty reviews of the orders on solar cells from China (Case Nos. A-570-979 and C-570-980). We are currently working to respond to supplemental questionnaires in the antidumping review and initial questionnaires, for approximately 20 entities, in the countervailing duty review.
- Counsel is currently preparing an opening brief before this Court in Fed. Cir. Ct. No. 26-1788, *YC Rubber Co. (North America) LLC v. US* (due August 25).
- Counsel has briefing and hearing deadlines before the U.S. International Trade Commission in its investigations regarding *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from India, Indonesia, and Laos*, including pre- and post-hearing briefs (due August 26 and September 16, 2026) and the September 9, 2026, hearing.

- Counsel is preparing an opening brief before the U.S. Court of International Trade in *Joint Stock Company Apatit v. United States*, Ct. No. 24-226, due on September 11, 2026.
- On August 5, 2026, counsel filed a rebuttal brief on behalf of the Government of Ontario in the Commerce Department's seventh administrative review of the CVD order on *Certain Softwood Lumber from Canada* (Case No. C-122-858).
- On August 7, 2026, counsel filed two Rule 61(3) reply briefs on behalf of the Government of Ontario before a United States-Mexico-Canada Agreement binational review panel regarding the 2020 administrative review of the CVD order on *Certain Softwood Lumber from Canada*.
- On August 11, counsel filed a sur-reply brief on behalf of Canadian Solar in U.S. Court of International Trade Ct. No. 25-163, *American Alliance for Solar Manufacturing Trade Committee v. United States*.

6. Third, coordinating counsel likewise understands that the various law firms representing other Intervenor Defendants-Appellants in this proceeding are similarly contending with competing, substantial professional commitments during the period covered by this extension request.

7. Finally, counsel also require additional time to complete the reply brief in light of personnel absences during the family holiday season in August and early

September. Several attorneys have pre-planned vacations during this period and are unable to devote full attention to this brief until they return to the office. Undersigned counsel was traveling domestically with family in August and anticipates international business travel in early September 2026.

8. Counsel for Intervenor Defendants-Appellants accordingly require additional time to complete their brief in this proceeding.

I declare that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Jonathan T. Stoel
Jonathan T. Stoel

Executed: August 14, 2026

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Defendants-Appellants NextEra Energy, Inc. and Solar Energy Industries Association

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Matthew R. Nicely

Name: Matthew R. Nicely

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☐ None/Not Applicable |
| NextEra Energy, Inc. | Not applicable | The Vanguard Group, Inc. owns more than 10% of NextEra Energy, Inc.'s oustanding common stock |
| Solar Energy Industries Association | Not applicable | Not applicable |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| James E. Tysse (Akin Gump Strauss Hauer & Feld LLP) | Sydney L. Stringer (Akin Gump Strauss Hauer & Feld LLP) | Yujin Kim McNamara (Akin Gump Strauss Hauer & Feld LLP) |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Canadian Solar (USA) Inc.; Canadian Solar International Limited

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Canadian Solar (USA) Inc. | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| Canadian Solar International Limited | | CSI Solar Co., Ltd.; Canadian Solar Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

I, Nicholas R. Sparks, have entered an appearance as counsel to Canadian Solar (USA) Inc. and Canadian Solar International Limited in this proceeding and certify that I have authority to file this document.
/s/ Nicholas R. Sparks
Nicholas R. Sparks
8/14/2026

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** BYD (H.K.) Co., Ltd.; BYD America, LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Craig A. Lewis

Name: Craig A. Lewis

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| BYD (H.K.) Co., Ltd. | | BYD Company Limited |
| BYD America, LLC | | BYD Company Limited |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Gregory M.A. Hawkins (Hogan Lovells US LLP) | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-2120

**Short Case Caption** Auxin Solar Inc. v. United States

**Filing Party/Entity** Trina Solar (U.S.) Inc., Trina Solar (Vietnam) Sci. & Tech. Co., Ltd., Trina Solar Sci. & Tech. (Thailand) Ltd., and Trina Solar Energy Dev. Co. Ltd.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Jonathan Freed

Name: Jonathan Freed

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☐ None/Not Applicable |
| Trina Solar Science & Technology (Thailand) Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar (U.S.) Inc. | | Trina Solar Co., Ltd. |
| Trina Solar (Vietnam) Science & Technology Co., Ltd. | | Trina Solar Co., Ltd. |
| Trina Solar Energy Development Co. Ltd. | | Trina Solar Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Invenergy Renewables LLC and Invenergy Solar Equipment Management LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Amanda Shafer Berman

Name: Amanda Shafer Berman

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Invenergy Renewables LLC | | |
| Invenergy Solar Equipment Management LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120, 2026-1072

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** See Attachment

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Jeffrey S. Grimson

Name: Jeffrey S. Grimson

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| JA Solar USA, Inc. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar International Ltd. | N/A | JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Vietnam Company Ltd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| JA Solar Malaysia Sdn. Bhd. | N/A | JA Solar Investment (Hong Kong) Limited, JingAo Solar Co., Ltd., JA Solar Technology Co., Ltd., Dongtai City Jing Tai Fu Technology Co., Ltd. |
| American Clean Power Association | N/A | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Jeffrey S. Grimson | Kristin H. Mowry | Bryan P. Cenko |
| Clemence D. Kim | Evan P. Drake | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**ATTACHMENT**

**Filing Party/Entity:** JA Solar USA, Inc., JA Solar International Ltd., JA Solar Vietnam Company Ltd., JA Solar Malaysia Sdn. Bhd. and American Clean Power Association

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Defendant-Appellants Jinko Solar (U.S.) Industries Inc. et al.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Jordan C. Kahn

Name: Jordan C. Kahn

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Jinko Solar (U.S.) Industries Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (U.S.) Inc. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar Technology Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinko Solar (Malaysia) Sdn. Bhd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar (Vietnam) Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JinkoSolar Holding Co., Ltd. | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar Middle East DMCC | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| JINKOSOLAR INVESTMENT LIMITED (f/k/a Jinkosolar Technology Limited) | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| Jinkosolar (Vietnam) Industries Company Limited | | More than 10% owned by Jinko Solar Co., Ltd., which is more than 10% owned by JinkoSolar Holding Co., Ltd. |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Brandon M. Petelin | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Boviet Solar Technology Co., Ltd. and Boviet Solar USA, Ltd.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☐ None/Not Applicable |
| Boviet Solar Technology Co., Ltd. | | Ningbo Boway Alloy |
| Boviet Solar USA, Ltd. | | Ningbo Boway Alloy |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| David M. Morrell | | |
| James Kevin Horgan | | |
| Vivien Jinghui Wang | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-2120

**Short Case Caption** Auxin Solar Inc. v. US

**Filing Party/Entity** Risen Solar Technology Sdn. Bhd.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/14/2026

Signature: /s/ Gregory S. Menegaz

Name: Gregory S. Menegaz

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Risen Solar Technology Sdn. Bhd. | | Risen Energy Co., Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Vivien Jinghui Wang | | |
| James Kevin Horgan | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 25-2120

**Short Case Caption:** Auxin Solar Inc. v. US

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 937 words.

- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.

- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 08/14/2026

Signature: /s/ Jonathan T. Stoel

Name: Jonathan T. Stoel

Save for Filing